Opinion adopted March 13, 1888.

No. 2571.

### W. H. WARD *v.* W. F. DUER ET AL.

1. SHERIFF'S SALE.—See this case for facts under which it was held, that a sheriff's sale made in violation of an agreement between all the parties in interest that the sale should not take place unless all were present, and at which the land sold for an inadequate consideration was set aside.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

This was a suit to set aside a sheriff's sale of land and cancel sheriff's deed, brought by W. H. Ward against W. F. Duer and P. C. Duer and his wife, L. A. Duer. The land in question

was sold under judgment and foreclosure of vendor's lien in favor of W. H. Ward, and at the sale was bid in by P. C. Duer, by whose direction a deed was executed to his wife, L. A. Duer. W. F. Duer, the defendant in the execution, and P. C. Duer and wife were made defendants.

The petition charged that by reason of the fraudulent and collusive conduct of W. F. Duer and P. C. Duer, who are brothers, the land was sold in the absence of Ward and his attorney, Lipscomb, for a grossly inadequate price and for a sum much less than the amount due on the judgment against W. F. Duer, who is insolvent. The petition charges fraud and collusion between W. F. and P. C. Duer to sacrifice the land at the sale for the benefit of W. F. Duer, the defendant in the execution, who was the real purchaser and remained in possession. Plaintiff refused to receive the purchase money paid by P. C. Duer, which remained in the hands of the sheriff. Sale was made November 6, 1886—suit filed November 18, 1886. Prayer for cancelation of sheriff's deed that sale be set aside and land ordered to be resold. Cause tried by the court. Judgment for defendants and plaintiff gave notice of appeal.

Lipscomb, plaintiff's attorney, had been instructed by plaintiff and intended to be present at the sale and to bid for the property, at least to the amount of plaintiff's debt; and this instruction and intention had been communicated to P. C. Duer, the purchaser at the sale, and W. F. Duer, defendant in the execution. It was agreed between Lipscomb and P. C. and W. F. Duer, on the morning of the sale, that the sale should not take place before two o'clock, and not unless they were all present. At the time agreed upon Lipscomb went to the court house with plaintiff to have sale made, but found that sale had been made a few minutes before his arrival. Neither plaintiff nor his attorney had given any instructions to the sheriff about the sale. The land worth from four to five hundred dollars was sold for one hundred and fifty dollars, which was about one-third of plaintiff's debt.

*A. G. Lipscomb* and *Reese & Tompkins,* for appellant.

*Harvey & Browne,* for appellees.

WALKER, ASSOCIATE JUSTICE.   From the findings by the trial judge in the record, it is evident that the land was sold by the sheriff at an inadequate price; that the price would have been much greater if Lipscomb, the attorney for Ward, the plaintiff in execution, had been present.  It is very likely that Lipscomb's absence was occasioned by the agreement he had with W. F. Duer, and his brother, Phil C. Duer, by which the sale was to be made at two o'clock, the time being merely a means to the end that all the parties be present at the sale.  If the purchaser had been ignorant of this agreement he would have taken a good title.   The purchaser was privy to the agreement between his brother and Ward that they expected to be at the sale, and had fixed the time for it.   There is evidence of acting together by the Duers, raising the presumption of a common intent to bring about the sale as it was made, in the absence of Lipscomb.   This presumption is strengthened by the failure to remove it by their own testimony.   They knew if the act was intended or casual.   It is unnecessary to remark upon the principles involved in this case further than to refer to 60 Texas, 121, Kaufman & Runge v. Morris, where the Texas cases and other authorities are carefully reviewed.

The judgment should have been for plaintiff.   The judgment is reversed and cause remanded.

*Reversed and remanded.*