### GEORGE A. EDDY ET AL. v. STEPHEN R. PRENTICE.

#### No. 431.

1. **Master and Servant—Defective Appliances—Degree of Care.**—Suit by a brakeman against appellants for damages for personal injuries sustained by the breaking of a rod while in discharge of his duties. The court charged, that defendant was liable if the breaking of the rod was caused by a defect in it, and such defect was known to defendant, or was of such character that it might have been discovered by an inspection of the car with such care as a reasonably prudent person would have exercised in regard to his own affairs under the same or like circumstances. *Held*, the charge was proper upon the degree of care. See opinion for charge.

2. **Same—Inspection of Cars—Foreign Cars.**—The fact that the car with the defective brake rod was received from another company, would not in any respect excuse appellants from the duty of careful inspection.

3. **Judgment—Receivers—Betterments—Assumpsit.**—It was proper to render judgment against all the appellants, defendants below; because: 1. The receivers who were operating the road when the injury occurred were liable, and the judgment against them officially is authorized by statute. 2. The Missouri, Kansas & Texas Railway Company having received the road with betterments to the amount of $3,000,000, was chargeable with the amount of appellee's claim for injuries during the receivership. 3. The Missouri, Kansas & Texas Railway Company, of Texas, having purchased the road under the Act of the Legislature authorizing such purchase, and having in such purchase made itself responsible for the claims existing against the road, it can not escape liability.

APPEAL from Grayson. Tried below before Hon. T. J. BROWN.

*Foster & Wilkinson*, for appellants.—1. The court erred in the third instruction of its charge to the jury, in instructing them that the defendants were to be held liable, "if the defect was of such a character that it might have been discovered by an inspection and examination of said car with reasonable care." Thus allowing a recovery if it were possible that reasonable care could have discovered a defect, though the jury should believe that reasonable care in the inspection was exercised, and failed to discover it. Railway v. Lyde, 57 Texas, 505; Railway v. O'Fiel, 78 Texas, 489; 2 Thomp. on Neg., 971; Pierce on Rys., 370–382.

2. The court erred in overruling defendants' motion for a new trial, because the proof showed that the car in question was received in defendants' train from another road, and was one of a class of cars on that road, new and well constructed, and in which no defect was to be anticipated, and was carefully inspected by competent inspectors in

defendants' employ, who failed to discover the defects complained of. Railway v. Smithson, 45 Mich., 212; Pat. Ry. Acc. Law, secs. 290, 291; Ballou v. Railway, 5 Am. and Eng. Ry. Cases, 484.

3. The court erred in directing judgment against all the defendants upon a cause of action against the receivers of the Missouri, Kansas & Texas Railway Company. Act of April 16, 1891, sec. 3; Special Laws 22nd Leg., p. 122; Receivers v. Hinnant, 82 Texas, 355; Railway v. Shirley, 54 Texas, 125.

4. The court erred in rendering judgment against the receivers of the Missouri, Kansas & Texas Railway Company. Ryan v. Hays, 62 Texas, 46; Receiver v. Gay, 76 Texas, 444.

*Randell & Wolfe,* for appellee.—1. Defendants are liable for an injury occasioned by the defect, if it was of such a character that it might have been discovered by an inspection conducted with reasonable care. Railway v. O'Fiel, 78 Texas, 486; 2 Thomp. on Neg., 971; Gottlieb v. Railway, 24 Am. and Eng. Ry. Cases, 421, with authorities cited; 3 Wood's Ry. Law, 1469.

2. Defendants were bound to use ordinary care in the inspection of cars of other companies delivered to them for transportation. Railway v. O'Fiel, 78 Texas, 486; Gottlieb v. Railway, 24 Am. and Eng. Ry. Cases, 421, with authorities cited.

3. The cause of action having accrued while the railway was in the hands of the receivers, the receivers are liable; and the Missouri, Kansas & Texas Railway Company, having received the properties from the hands of the receivers enhanced in value by reason of the expenditure of its earnings thereon, was liable; and the Missouri, Kansas & Texas Railway Company, of Texas, was liable, by reason of the sale to and purchase by it of all the lines of railway owned and operated by the Missouri, Kansas & Texas Railway Company in Texas. Gen. Laws 21st Leg., 1889, p. 57; Special Laws 22nd Leg., 1891, p. 120.

LIGHTFOOT, CHIEF JUSTICE.—The following is a correct statement of the issues:

This suit was brought May 26, 1891, in the District Court of Grayson County, Texas, by Stephen R. Prentice, and was tried on a second amended original petition, filed February 26, 1892, whereby the plaintiff sought to recover of George A. Eddy and H. C. Cross, receivers of the Missouri, Kansas & Texas Railway Company, and of the Missouri, Kansas & Texas Railway Company, and of the Missouri, Kansas & Texas Railway Company, of Texas, damages in the sum of $20,-500, for personal injuries alleged to have been received by him on November 15, 1890, while in the service of the receivers on the line of said road owned by the Missouri, Kansas & Texas Railway Company in the Indian Territory. Plaintiff was alleged to have been engaged in the performance of his duties as a brakeman, and in setting the brake on one of the cars in his train, while running between stations,

he was thrown from the car by the giving away of the brake rod, which was alleged to have been defective; and it was charged that the receivers knew, or should have known, of the defect, and plaintiff was ignorant of and had no means of discovering it.

The receivers were alleged to have been discharged July 1, 1891, and the Missouri, Kansas & Texas Railway Company took possession of the road and operated it from said date until January 1, 1892, when it was sold and delivered to the Missouri, Kansas & Texas Railway Company, of Texas, under an Act of the Legislature approved April 16, 1891. When the receivers delivered the road back to the company it was greatly improved by the expenditure of its earnings in betterments while in their hands, to the amount of several millions of dollars.

Defendants answered by a general denial, and also by a special plea, to the effect that the car from which plaintiff fell was that of another company received by them loaded with coal to be transported over their road, and that it was new and in apparently good condition when received, and was carefully inspected without discovering any defect, and that the defect, if any, was one which could not be discovered by the exercise of reasonable care, and if it could have been so discovered, the plaintiff was himself guilty of contributory negligence in failing to know its condition.

The case was tried on October 1, 1892, and resulted in a verdict and judgment in favor of plaintiff against all the defendants for the sum of $6000, from which this appeal was taken.

The facts were proved substantially as alleged by plaintiff: that on or about November 13, 1890, appellee was in the employ of appellants, Eddy and Cross, receivers of the Missouri, Kansas & Texas Railway Company, as brakeman on a freight train; that on said date, while in the discharge of his duties, and in the exercise of such care as a reasonably prudent man would exercise under like circumstances, he was injured by the breaking of a defective brake rod on one of the cars in the train of said receivers, which said brake rod so furnished on said car was defective, and such defects were unknown to him; and the defects were such as might have been discovered by appellant receivers by the exercise of such care and caution as a reasonably prudent person would have exercised under like circumstances; and that said receivers failed to exercise such care, and were negligent in furnishing such defective appliances; that the appellee was injured to the full extent of the amount of the verdict and judgment; that the allegations of plaintiff's petition in regard to the organization of the Missouri, Kansas & Texas Railway Company, of Texas, and the sale to and purchase by it of the lines of the Missouri, Kansas & Texas Railway Company, were true, as alleged; also, that the line of railway on which plaintiff was employed and injured was, at the time of his injury, operated by Geo. A. Eddy and H. C. Cross, as receivers, and that said receivers while operating same made improvements thereon out of the

earnings of the road to the value of $3,000,000, and that said road was by them delivered back to said company, in such improved condition, on July 1, 1891, in accordance with the order of the United States Circuit Court to that effect, as alleged in plaintiff's petition; and that after the same was so returned to said company with such betterments it operated said road until the same was delivered to said Missouri, Kansas & Texas Railway Company, of Texas, under said Act of the Legislature. When the said Missouri, Kansas & Texas Railroad was returned by the receivers of said company under the orders of the United States Circuit Court, it accepted the same subject to the payment of all claims against said receivers; and when the same was sold by said company to the Missouri, Kansas & Texas Railway Company, of Texas, it bought the same subject to the payment of such claims, including the claim of appellee herein. All other findings necessary to a decision of the case will appear below.

1. The appellants' assignments of error from 1 to 6, both inclusive, are directed against the charge of the court in failing, as appellants claim, to properly define the degree of care required by law, to furnish proper appliances, and in the refusal of the court to give the charges asked by appellants' counsel. Upon that subject the court below charged the jury as follows:

"The defendants, Eddy and Cross, receivers, were not bound as insurers of the safety and fitness of the machinery furnished to their employes, but were required to exercise due and reasonable care in the selection of reasonably safe and fit machinery, and to keep and preserve the same in such condition. In case a car was received from a connecting line for transportation over the line operated by the receivers, they, the receivers, would not be liable for any defects in its construction which could not be discovered by a reasonably careful inspection.

"The undisputed evidence in this case shows that the car on which plaintiff claims to have been when he was injured belonged to the Choctaw Coal and Railway Company, and that the receivers had received said car from said last named railroad company to be hauled over the Missouri, Kansas & Texas Railroad. It devolves upon plaintiff to prove that the brake staff or rod, as alleged in his petition, was defective, so as not to be reasonably safe for use by employes of defendants, and that the said receivers either knew of such defective and unsafe condition, or that it was such a defect that said receivers, or their agents, might have discovered it had they exercised such reasonable care in the examination of the same as a reasonably prudent person would have exercised in regard to his own affairs under the same or like circumstances.

"If you believe from the evidence that the plaintiff was in the employ of the defendants, Eddy and Cross, receivers, as a brakeman, and as such he was in the proper discharge of his duties, and if you further believe from the evidence that plaintiff was injured by the breaking

of a brake rod on a car on which he was employed; and if you further believe that the breaking of the brake rod was caused by a defect in it, and which defect was known to said receivers, or was of such a character that it might have been discovered by an inspection and examination of the said car with reasonable care, such as has been before defined, then you will find for the plaintiff under the rules laid down in charge number 6.

"If you believe from the evidence that the brake rod was defective, as alleged, and that the defect was known to the plaintiff, or that it was of such a character that if the plaintiff by exercising reasonable care or by using it would have discovered such defect, then you will find for the defendants.

"It was the duty of the defendants Eddy and Cross, as receivers, upon receiving the car in question from a connecting line, to cause the same to be inspected and examined by competent persons with due care, that is, such care as an ordinarily prudent man would exercise about his own business under the same or like circumstances, in order to ascertain whether or not the same was in safe condition; and if you believe from the evidence that said receivers employed competent persons who inspected the said car with reasonable care and prudence, and if you believe the defect in the brake rod, if there was any, was such as would not ordinarily be discovered by a reasonably careful examination, or that there was no such defect in said brake rod as made the same unsafe and unfit for use under the rule set out in charge number 2, then said Eddy and Cross, receivers, are not liable for the injuries received by the plaintiff, if any, and you will find for the defendants."

We think that the above charges present admirably the questions involved, are directly in line with the decisions of our Supreme Court, and that appellants have no just ground of complaint. Railway v. O'Fiel, 78 Texas, 486, and authorities there cited; 2 Thomp. on Neg., p. 971; 3 Wood's Ry. Law, 1469.

The charges requested by appellants were properly refused, because the questions involved in such requested charges, as far as applicable, were fully covered in the main charge of the court.

2. The seventh assignment is upon the refusal of the court to grant the motion for new trial, on the ground that the car on which was the defective brake was a coal car received from another road, and which was new and well constructed, and in which no defect was to be anticipated, was carefully inspected by competent inspectors in defendants' employ, who failed to discover the defects complained of. The testimony clearly intimated that it was the custom of the receivers to inspect such cars, but there was no direct evidence that this particular car was inspected. The fact of the car being received from another company would not in any respect excuse appellants from the duty of careful inspection. The issue was clearly made under the evidence as to the degree of care used, and these questions were fairly submitted

to the jury in the charge, and the verdict was against appellants. The finding was supported by the evidence, and we find no ground for setting it aside.

3. The eighth, ninth, and tenth assignments attack the judgment as improper, because it was rendered against all the appellants. In this we find no error. (1) The judgment is so rendered against the receivers, that if not paid by the Missouri, Kansas & Texas Railway Company, or the Missouri, Kansas & Texas Railway Company, of Texas, then the same shall be certified to the United States Circuit Court for payment. The original liability of the receivers who were operating the road when the injury occurred can not be questioned. The judgment is not against them individually, but officially, and is authorized by statute. See Act of March 19, 1889, sec. 6, p. 57; Brown v. Gay, 76 Texas, 446; Railway v. Chilton, opinion by this court April 5, 1894 (unreported), and authorities there cited. (2) The Missouri, Kansas & Texas Railway Company having received the road with betterments to the amount of $3,000,000, was chargeable with the amount of appellee's claim for injuries during the receivership. Railway v. Johnson, 76 Texas, 421. (3) The appellant, the Missouri, Kansas & Texas Railway Company, of Texas, having purchased the road under the Act of the Legislature authorizing such purchase, and having in such purchase made itself responsible for the claims existing against the road, it can not escape liability. Special Laws 22nd Leg., 1891, p. 120.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 20, 1894.

Motion for rehearing overruled, September 19, 1894.

Writ of error refused by the Supreme Court, October 15, 1894.