Texas and New Orleans Railway Co. v. Georgia Brown et al.

Delivered November 11, 1896.

1. **Railway Company—Action for Death—Negligence—Evidence Warranting Verdict.**

Where, in an action against a railway company, there is evidence showing that the deceased, while upon a public crossing, was struck by an engine running 15 miles an hour, in violation of a city ordinance, and after the engineer had seen deceased on the track in time to have stopped the engine, a verdict for plaintiffs was warranted, despite the contributing negligence of deceased in going upon the track.

2. **Same—Charge of Court—Negligence and Carelessness.**

A charge that there could be no recovery if the deceased "by his own ordinary negligence and carelessness, contributed to his own 'injury," is not subject to the objection that it requires the jury to believe that the deceased was guilty of ordinary negligence, and also carelessness in addition thereto, before they could find for the defendant railway company.

3. **Action for Death—Right of Adult to Recover for Death of Parent.**

An adult son is not entitled to recover for the negligent death of the father where, at the time of such death, he was receiving no pecuniary aid or support from the father, and had no expectation of receiving such aid.

Appeal from Orange. Tried below before Hon. Stephen P. West.

*Baker, Botts, Baker & Lovett* and *S. R. Perryman,* for appellant.—
1. The court erred in refusing to charge the jury that the evidence being insufficient to warrant a verdict for the plaintiffs, they should return a verdict for the defendant.

2. The death of Dr. S. M. Brown was not caused by the gross negligence of defendant, its servants or employes, but was caused by his own negligence and carelessness in going upon the track of defendant and remaining there until he was hit by the engine. Hughes v. Railway, 67 Texas, 598; Railway v. Houston, 95 U. S., 696; Yancy v. Railway, 6 S. W. Rep., 272.

3. If the injured party, by looking up the track in direction of an approaching train could have seen it in time to have avoided the injury, his omission to do so was negligence; and where a party recklessly goes upon a railroad track without looking or listening for an approaching train, when by so doing he would have been apprised of its approach, he is guilty of such contributory negligence as precludes a recovery of damages in case of his injury occasioned thereby. Taylor v. Railway (Mo.), 3 West. Rep., 270; Railway v. Coon (Pa.), 2 Cent. Rep., 323; Chase v. Railway, (Me.), 2 N. E. Rep., 872; Railway v. Peay, 20 S. W. Rep., 57.

*Ford, Martin & Jones,* for appellees.—1. That the negligence of appellant was the proximate cause of the injuries to deceased whose death was caused by the wanton and reckless conduct of appellant's servants in charge of appellant's engine.

2. That deceased being on a public crossing at the time he was run

over his contributory negligence is no defense, because the servants in charge of said engine discovered the danger to which he was exposed in time to prevent the collision. Railway v. Brown, 21 S. W. Rep., 424; McDonald v. Railway, 22 S. W. Rep., 939; Railway v. Lewis, 25 S. W. Rep., 294; Railway v. Langford, 31 S. W. Rep., 355.

3. Adult children whenever actually damaged by the death of a parent caused by the negligence of another may sue therefor and in such an action plaintiffs may recover if actually damaged, in case the deceased could have recovered for personal injuries. The action is given for the intermediate pecuniary loss. Railway v. Long, 26 S. W. Rep., 114; Terry v. Jewett, 78 N. Y., 338; 20 S. W. Rep., 80.

4. The damage in this case is measured by the pecuniary injury to the respective parties entitled thereto including the pecuniary loss of any probable prospective accumulation of property on the part of deceased, Dr. Brown, from the time he was killed during the expectancy of his life, if he had not been so killed. Railway v. Long, 26 S. W. Rep., 114; March v. Walker, 48 Texas, 372; Railway v. Mugg, 31 N. E. Rep., 564.

5. The contributory negligence of the plaintiff when relied upon to defeat his recovery must consist of at least ordinary negligence, that is want of ordinary care. 1 Shear. & Red. on Negligence, sec. 86 and note, 4th ed.; Munger v. Railway, 4 N. Y., 349; Garmon v. Bangor, 38 Me., 443.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by the widow and children of Dr. S. M. Brown, to recover damages for his death, which was caused by a locomotive of appellant running against him and throwing him from the track and injuring him so that he afterwards died. This is a second appeal of the case. Railway v. Brown, 2 Texas Civ. App., 281.

The appeal now before us is from a judgment for $15,000, apportioned by the verdict as follows: $9000 to the widow, Mrs. Georgia Brown, and $2000 each to W. J. Brown, E. W. Brown and Mrs. Gussie Pujo, the children of the deceased.

The statement of facts shows that on March 29, 1887, Dr. S. M. Brown, while on a public crossing on a switch or side track of appellant in the city of Orange, Texas, was struck by the rear end of a moving locomotive of appellant, and so badly injured that he died in about twelve hours. Deceased stepped upon the side track when the locomotive was from thirty to fifty feet distant from him, and was seen by the engineer in charge when he first stepped upon the track, but no effort was made to stop the engine until it was within two feet of Dr. Brown, who had his back towards the engine. When the injury occurred, the engine was running backwards at a rate from twelve to fifteen miles per hour, in violation of an ordinance of the city of Orange, which prohibited running at a greater rate of speed than six miles per hour. No

bell was rung on the engine when approaching the crossing where deceased was fatally injured.

We find that the death of deceased occurred through the gross negligence of the servants of appellant. Mrs. Georgia Brown is the widow of deceased, and was dependent upon him for a support. He was a practicing physician, and his annual income was from $4000 to $5000. Dr. Edgar Brown, one of the appellees, was twenty-seven or twenty-eight years of age when his father was killed, and his brother, Dr. W. J. Brown, another appellee, was twenty-six years old, and both were practicing physicians, and nothing was contributed to their support by deceased. Mrs. Pujo, the daughter of deceased, was quite young and unmarried at the time of her father's death, and was dependent upon and receiving from him a support. Deceased, when injured, was fifty-two years old, and was healthy and well preserved.

Appellant asked the court to charge the jury as follows: "Gentlemen, you are charged that the evidence being insufficient to warrant a verdict for the plaintiffs, you will find and return a verdict for the defendant." In the first assignment, the refusal of the court to give this charge is presented as error. The complaint is answered in the negative by our conclusion of facts. We are of the opinion that there was evidence to justify the jury in finding that the engineer saw Dr. Brown when he stepped on the track; that at the time he was from thirty to fifty feet from the engine, and that the engine could have been stopped in from ten to fifteen feet, but that no effort was made to stop the engine until it was within two feet of deceased. The engineer swore that he saw deceased when he stepped on the crossing, and while he says that the engine at that time was only two feet distant, there is abundant evidence to show that he was mistaken as to the distance. The jury saw proper to disregard his testimony on that point, and took that of other witnesses. The testimony of the engineer as to the distance the engine was from the deceased when he stepped on the track is not supported by the evidence of any other witness. The attention of the engineer was called to Dr. Brown by the fireman before he reached the crossing.

There was an utter disregard of the ordinance of the town and the statute of the State in the operation of the engine. The crossing was one used by children in going to and from school, and at the time of the injury at least a dozen little children were gathered about the crossing where deceased was struck. While the testimony to our minds fails to show contributory negligence on the part of deceased, yet if it did show it, appellant would be responsible, for the reason that deceased was discovered on the track in time to have warned him, or to have stopped the engine, but no effort was made so to do. McDonald v. Railway, 86 Texas, 1. In that case it is said by the court: "The negligence or trespass of a person does not place him beyond the protection of the law, and does not excuse another for the failure to exercise care to avoid injuring him; much less does it justify a willful injury. In such a case,

although the negligence of the plaintiff in one sense at least, contributes to the injury, the negligence of the defendant intervenes between the plaintiff's negligence, and the result and becomes the proximate cause of the injury. As some authorities put it, the plaintiff's negligence in such cases becomes the condition and not the efficient cause of the accident."

The fifth, sixth, seventh, eighth, ninth, tenth and eleventh assignments of error attack the sufficiency of the evidence and are disposed of by what has been said under the first assignment.

The fifteenth paragraph of the charge is as follows: "One who is injured by the gross negligence of another, cannot recover damages therefor, nor can his heirs recover damages therefor, if the injured party, by his own ordinary negligence and carelessness, contributed to his own injury, so that it would not have happened but for his fault. If the party injured, by his own carelessness contributes to his own injury, or might, by the exercise of ordinary care, such as prudent men would generally have used under similar circumstance, have avoided the injury, neither he nor his heirs can recover damages." This instruction is objected to on the following grounds: "First. It required the jury to believe that the deceased, Dr. S. M. Brown, was guilty of ordinary negligence and also carelessness in addition thereto, before they would be authorized to return a verdict for the defendant.

Second. Because the jury was required to believe that the plaintiff was guilty of ordinary negligence before they would be authorized to return a verdict for the defendant."

The objections are hypercritical and without merit. The charge is plain, and fully instructs the jury that carelessness on the part of deceased would preclude a recovery. To emphasize the matter, in the sixteenth paragraph the jury was informed that "it was the duty of S. M. Brown when he entered upon or on to the defendant's switch to have used his senses of hearing and sight, and if he failed to do so, even though you should find defendant guilty of gross negligence, still his heirs cannot recover, as such failure to use his senses, would be contributory negligence." This was decidedly favorable to appellant and perhaps required more of deceased than the law demands.

Two of the appellees were practicing physicians at the time of the death of their father, and were receiving no pecuniary aid or support from him, and had no expectation of receiving such aid from him. There was no evidence therefore upon which to base a verdict in their favor. The action for damages arising from a death caused by the negligence of another is statutory, the object and aim of which is to compensate those authorized to bring the suit for a pecuniary loss sustained by them, and it follows that to entitle them to recover, it must be shown that a pecuniary loss was sustained. It is not a question as to the right of an adult to bring the suit, as insisted by appellees, for he undoubtedly has the right, but when he institutes the suit, he, like the minor, must show that he has been pecuniarily damaged in order to recover.

For the reason that the part of the verdict which apportioned two thousand dollars each to W. J. Brown and E. W. Brown is not sustained by the evidence, the judgment is reversed and the cause remanded unless said sum of four thousand dollars is remitted by appellees within ten days, in which case the judgment will be affirmed.

Writ of error refused. *Affirmed upon remittitur filed.*