GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. CORA LEE DAVIS ET AL.

Decided November 13, 1901.

1.—Evidence—Res Gestae.

Statements of a railway brakeman, killed by an accidental fall, made by him as to the manner of the accident immediately after its occurrence and while he still lay where he fell, are admissible in evidence as res gestae.

2.—Railroads—Inspecting Cars.

A railway company is not excused from the duty of thoroughly and efficiently inspecting its cars by reason of the fact that such an inspection, although practicable, is inconvenient and not usual with railroad companies generally.

3.—Same—Charge—Assumed Risk.

In an action for negligently causing the death of a railway brakeman the court properly refused to charge that if the inspection was the usual and customary one given to cars under similar circumstances, and the deceased knew of the character of inspection given by defendant, and remained in its employ

after acquiring such knowledge, then he assumed the risk,—since this would have prevented a recovery although the deceased might not have known that the inspection was insufficient.

**4.—Same—Diligence.**

A charge to the effect that if defendant inspected the car in the usual and customary manner and used ordinary care and diligence to ascertain whether the stirrup was reasonably safe, and failed to discover that it was not securely fastened, it would not be liable, was not rendered erroneous by reason of the use of the word "diligence."

**5.—Action for Death—Verdict Held Not Excessive.**

Where the deceased, a railway brakeman, left a widow and four children, the latter of whom lost by his death the care and moral and mental training of a father, a verdict of $17,000 for negligently causing his death is held not excessive.

Appeal from Bexar.  Tried below before Hon. J. L. Camp.

*Newton & Ward* and *Baker, Botts, Baker & Lovett,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Action by Cora Lee Davis, the wife, and four minor children, of Ben F. Davis, to recover damages against the railroad for negligently causing his death.  The trial of the cause resulted in a judgment in favor of appellees for $17,000, of which $7000 was awarded to the widow and $2500 to each of the children.

*Conclusions of Fact.*—On the 27th day of September, 1900, Ben F. Davis, the husband of Cora Lee and father of Lelia Inez, Roy Arthur, Oscar Lee, and George Adams Davis, minors, while in the employ of appellant as a brakeman, in pursuance of the duties of his employment, and in the exercise of ordinary care, in attempting to ascend a freight car of a train, just starting on its trip out of San Antonio, by means of a stirrup and ladder attached to the car, was, by the stirrup turning and giving way under him, by reason of the negligence of appellant in failing to exercise ordinary care to have it securely fastened, thrown from the car and run over by the train, whereby he sustained injuries from which he died.

*Conclusions of Law.*—1.  The court did not err in allowing a witness, who ran to Davis immediately after the occurrence of the accident when he was lying on the ground where he fell, to testify that when he got to him he heard deceased say that he started to climb the ladder on the next car to the caboose and the stirrup turned and gave way with his foot and threw him under the car wheels, and that they ran over his leg.  Such statement made by deceased was res gestae.  Railway v. Moore, 24 Texas Civ. App., 489; 52 Cent. Law. Jour., and note, 29; Pilkington v. Railway, 70 Texas, 231; Railway v. Anderson, 82 Texas, 516; Railway v. Robinson, 82 Texas, 657; Railway v. Hall, 83 Texas, 675; Railway v. Smith, 14 S. W. Rep., 642; Railway v. Weaver, 41 S.

W. Rep., 846. Besides, the undisputed testimony shows the accident occurred just as the deceased stated.

2. The court properly refused appellant's request to peremptorily instruct the jury that the evidence shows that appellant was guilty of no negligence, and to return a verdict in its favor. The proposition under this assignment, that the undisputed evidence shows the defect in the stirrup was latent, and not discoverable by the exercise of ordinary care, is not sustained by the facts. Its fallacy is demonstrated by a statement in the argument of appellant's own counsel, where they say: "The testimony introduced by appellees themselves, and about which there is no controversy, shows that deceased undertook to place his foot in the stirrup under a freight car; that the stirrup fitted very closely to the sill of the car, and that in order to determine as to whether or not a nut which held the stirrup in place was in position, the very closest character of inspection was necessary." Now, as it was appellant's duty to exercise reasonable care to provide and maintain the stirrup for the use of its brakemen in ascending the car in a reasonably safe condition for the use intended, if its insecurity, caused by the previous falling off of a nut, could only be discovered by the very closest character of inspection, reasonable diligence required appellant to make that character of inspection. Appellant, when it says that it did not make the only kind of inspection by which the defect could have been discovered, confesses its own negligence. Any other kind of inspection would have been mere child's play, and have amounted not even to a stagger in the path of duty.

But the evidence does show that by looking or feeling under the car at the place where the nuts, which should securely hold the stirrup in position, were screwed on, the absence of the nut and insecurity of the stirrup could have been ascertained. This was not done. While this would have been practicable, the inspectors say it would have been inconvenient, and that they made such an inspection as was usual and customary and as was made by other railroads under like circumstances. The law will not balance human life against the inconvenience of an inspection reasonably necessary for its preservation, nor excuse one company from the duty it enjoins because other companies may have been remiss in their duty. After all, whether a proper inspection was made was a question of fact for the jury.

3. The appellant requested the court to instruct the jury: "The defendant is not an insurer of the safety of its employes, nor is it bound to furnish absolutely safe machinery for the use of its employes, and even though you may believe from the evidence that the nut was off of the bolt which held the stirrup from which it is alleged the said Davis fell, and even though you may believe the said Davis was not guilty of any negligence, and even though you may believe that the character of inspection, if any, given this car was not such as would have disclosed the absence of this nut, yet, if you believe from the evidence that the inspection given said car was the usual and customary inspection

given to cars under the same or similar circumstances, and that the said Davis, deceased, knew of the character of inspection given by defendant, and remained in the employ of the defendant after acquiring such knowledge, then you are instructed that the said Davis assumed the risk, and you will return a verdict for the defendant." The charge was properly refused because it prevented appellees' recovery if deceased knew that the car had undergone inspection in the manner that cars were usually inspected by appellant, although he may not have known such inspection was insufficient. Railway v. Nass, 57 S. W. Rep., 912. Besides, there was no evidence that Davis knew the kind of inspection given this car, or the usual and customary inspection given to cars under the same or similar circumstances. Railway v. Hawes, 54 S. W. Rep., 325. Davis, in the absence of knowledge to the contrary, had the right to rely upon the assumption that appellant had done its duty and that the stirrup which he was called upon to use was reasonably safe. Railway v. Hannig, 91 Texas, 347, 43 S. W. Rep., 508; Railway v. Cox, 55 S. W. Rep., 355; Railway v. Englehorn, 62 S. W. Rep., 561; Railway v. McCoy, 17 Texas Civ. App., 494; Railway v. Brooking, 51 S. W. Rep., 539.

4. There is no error in this part of the charge,—"You are further charged that if you find from the testimony that the defendant's inspectors, previous to said accident, inspected said car to which said stirrup was fastened, and you further find that said inspectors inspected said car in the usual and customary manner, and you further find that in making said inspection of said car, said inspectors used ordinary care and diligence to ascertain whether said stirrup was reasonably safe for the purposes for which it was being used, and failed to discover that said stirrup was not securely fastened, if you find it was insecurely fastened, then I charge you that to the accident, which is claimed caused Ben F. Davis' death, was one of the risks ordinarily incident to his employment, and your verdict must be for the defendant,"—complained of in the fourth assignment of error. Its correctness is sustained by an unbroken line of authorities. Railway v. Nass, supra; Railway v. Hawes, supra; Railway v. Crowder, 55 S. W. Rep., 380; Railway v. Milam, 58 S. W. Rep., 735; Railway v. Fox, 24 Texas Civ. App., 295; Machine Co. v. Stahl, 24 Texas Civ. App., 471; Jones v. Shaw, 16 Texas Civ. App., 296; San Antonio Edison Co. v. Dixon, 17 Texas Civ. App., 320; Railway v. Delaney, 22 Texas Civ. App., 427; Railway v. Templeton, 87 Texas, 42, 26 S. W. Rep., 1066; Eddy v. Prentice, 8 Texas Civ. App., 58, 27 S. W. Rep., 1063; Railway v. O'Fiel, 78 Texas, 486; Shearm. & Redf. on Neg., 5 ed., sec. 194a. The last authority shows that the master is chargeable with constructive notice of whatever, by the use of ordinary *care* and *diligence,* he might have discovered. Hence the use of the word "diligence" was not, as is contended by appellant, improper.

5. The fifth paragraph of the charge, which is on the measure of damages, conforms to and is in perfect harmony with the rule announced

in Railway v. Morrison, 93 Texas, 527, and Traction Company v. White,. 61 Southwestern Reporter, 527. Special charges numbers 2 and 3,. given at appellant's request, answer the objection asserted in the second proposition under this assignment.

6. When it is considered that four of the appellees are children, and have lost the care, moral and mental training of their father, which have an appreciable pecuniary value (Railway v. Maddry, 57 Ark., 306,. 21 S. W. Rep., 472; 58 Am. and Eng. Ry. Cas., 327; Howard v. Legg, 93 Ind., 523; Tilley v. Railway, 24 N. Y., 474; McIntyre v. Railroad,. 37 N. Y., 289; Stoher v. Railway, 91 Mo., 509, 4 S. W. Rep., 389; Searle v. Railway, 37 Am. and Eng. Ry. Cas., 179), we are not prepared to say the judgment is excessive.

The judgment is affirmed.

*Affirmed.*