INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY V.
IRA C. IVES.

Decided January 21, 1903.

**1.—Railroads—Blowing Whistle at Crossing—Charge.**

A charge that defendant was guilty of negligence if its employes in charge of the train that struck plaintiff at a public road crossing failed to blow the whistle at eighty rods from the crossing, was error, since the statute requires only that it shall be blown at the distance of at least eighty rods from the crossing. Revised Statutes, article 4507.

**2.—Same—Contributory Negligence—Pleading—Charge.**

Where defendant's pleadings did not charge plaintiff with contributory negligence in failing to stop before attempting to cross the track, it was not error to refuse a requested charge instructing that if plaintiff, in approaching the crossing, failed to stop or look or listen, and because of such failure was injured, he could not recover.

**3.—Negligence—Evidence—Other Acts.**

When the question is whether or not a person has been negligent in doing or failing to do a particular act, evidence is not admissible to show that he had been guilty of a similar act of negligence, or even habitually negligent upon similar occasions.

Appeal from the District Court of Travis. Tried below before Hon. F. G. Morris.

*S. R. Fisher* and *N. A. Stedman,* for appellant.

*Z. T. Fulmore* and *Hogg, Robertson & Hogg,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellee recovered a judgment in this case for injuries received by him at a public road crossing on appellant's railroad. The court submitted the duty of appellant to give signals in aproaching the crossing as follows:

"The law imposes on railroad companies the duty of blowing a steam whistle and ringing a bell on its engine *at eighty rods* before crossing a public road, and the continuous ringing of such bell thereafter until such crossing has been made, and a failure to observe either of these requirements would be negligence.

"If the jury believe from the evidence that the defendant's agents or employes in charge of the engine which was pulling the train that struck plaintiff's team and wagon failed to blow a steam whistle *at eighty rods* from the crossing of the public road where plaintiff was struck, or that defendant failed to ring a bell on said engine eighty rods from said crossing or failed to continue the ringing of such bell during the passage of said distance and until said crossing was made, then they will find that defendant was guilty of negligence.

"If the jury do not find from the evidence that defendant's agents and servants failed either to blow said whistle *at eighty rods* from said crossing, or that defendant failed to ring a bell on its engine *at eighty rods* from said crossing, or that it failed to continue the ringing of said bell

from eighty rods from said crossing until said crossing was passed by its said engine, the jury will return a verdict for the defendant."

Appellant complains that its duty with reference to giving signals was not correctly stated in these charges.

Revised Statutes, article 4507, provides: "A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and the whistle shall be blown and the bell rung *at the distance of at least eighty rods* from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road or stopped."

The meaning of this provision, as stated by our Supreme Court, is, "that in order to comply with the statute, the whistle must be blown at some point sufficiently near the crossing to be reasonably calculated to give warning to persons about to use the same, such point not to be nearer to such crossing than eighty rods." Houston & T. C. Railway Co. v. O'Neal, 91 Texas, 671. In that case, the court charged that the whistle must be blown within eighty rods of the crossing, and the charge was held to be erroneous.

In this case, the court repeatedly tells the jury that the whistle must be blown *"at eighty rods"* from the crossing. The jury might properly have understood from this charge that it would be negligence, as a matter of law, if the whistle was not blown exactly at the distance of eighty rods from the crossing. They might have believed that it was blown sufficiently near the crossing to give warning to persons about to use the crossing, but if the distance was even slightly greater than eighty rods, it would nevertheless be negligence under this charge.

The charge was error, and in this case there can be no question but that it was calculated to injure appellant. This was the only ground of negligence submitted to the jury, and the evidence was sharply conflicting as to whether proper signals were given or not. It was therefore of utmost importance that this issue should have been properly submitted to the jury.

Appellant complains of the refusal to give the following special charge: "If from the evidence you believe that Ira C. Ives, in approaching or in driving upon the crossing at which he alleges he was injured, failed to stop or look or listen for the approach of the train along the track to the crossing, and you further believe that if he had stopped or looked or listened, he could and would have discovered said approaching train in time to avoid contact therewith and injury therefrom; and you further believe that such failure, if any, to stop or look or listen was negligence on his part, and that such negligence contributed directly and proximately to his injury, you will return a verdict for the defendant."

The charge of the court correctly instructed the jury with reference to the failure of the plaintiff to look for an approaching train, but gave no charge with reference to his failure to stop or to listen. Plaintiff is expressly charged with failure to use his senses of sight and hearing;

but it is questionable whether the pleadings of defendant present the issue of contributory negligence based upon his failure to, stop. For this reason it was, perhaps, not error to refuse the charge requested. We think if the pleadings had expressly charged appellee with contributory negligence in failing to stop, the charge was proper and should have been given.

Appellant offered to prove by a number of witnesses that on former occasions appellee had gone to sleep in his wagon and permitted his team to go on over this crossing while he was asleep. The sixth assignment of error complains of the exclusion of this evidence. It was not error to exclude it. When the question is whether or not a person has been negligent in doing or failing to do a particular act, evidence is not admissible to show that he had been guilty of a similar act of negligence, or even habitually negligent upon a similar occasion. Missouri, K. & T. Railway Co. v. Johnson, 92 Texas, 380.

We have considered the other assignments of appellant, and find no error, except as stated.

Appellee has filed a cross-assignment of error to the refusal of the court to permit the plaintiff to be recalled and testify that as he approached the railroad crossing at the time of his injury, when he had gotten out of the woods which cut off his view to the south, he glanced down the track to the south and took a general survey of the situation and saw no train approaching, and then from that time on in traveling to the point where he was injured, his attention was directed to the north, as he understood the danger to be from a train approaching from the north.

The court qualifies the bill of exception by stating "that the plaintiff had had the question as to whether he looked south pressed on him and, repeated a great number of times, so that it was wholly improbable that any mistake or inadvertence occurred, but it appeared to the court that after the plaintiff heard the legal effect of his evidence discussed, he was wiling to return to the stand and change his testimony to suit the issue, which the court thought it improper to allow."

Permitting a witness to be recalled is a matter resting largely in the discretion of the trial court, and we do not deem it necessary to determine whether the discretion was properly exercised in this instance. The evidence offered was admissible, and it is not likely that upon another trial any question will arise as to the manner of its introduction.

Because of the error mentioned in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*