## ST. LOUIS, B. & M. RY. CO. v. JENKINS.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914. Rehearing Denied Feb. 18, 1914.)

1. DEATH (§ 104\*)—INSTRUCTIONS—DAMAGES.

An instruction, in a father's action for his son's negligent death, that the jury should find for plaintiff as damages such a sum as would be equal to the pecuniary benefit, if any, that plaintiff had a reasonable expectation of receiving from his son had he lived, and by "pecuniary benefit" was meant everything that could be valued in money, was erroneous as preventing the jury from passing upon the amount which, if paid now, would compensate plaintiff for the loss sustained.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 142–148; Dec. Dig. § 104.\*]

2. DEATH (§ 11\*)—RIGHT OF RECOVERY.

There is no right of recovery for negligent death except as given by Rev. Civ. St. 1911, Arts. 4698–4704, and, to recover thereunder, plaintiff must show the pecuniary loss sustained by him.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15; Dec. Dig. § 11.\*]

3. TRIAL (§§ 295, 296\*)—INSTRUCTIONS—CURING ERRORS.

Instructions must be construed as a whole, and an omission in one part of an instruction may be cured by a proper charge elsewhere, but the charge as a whole must present the law of the case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–718; Dec. Dig. §§ 295, 296.\*]

4. TRIAL (§ 234\*)—INSTRUCTIONS—BURDEN OF PROOF.

An instruction, in an action for negligent death, that, if the jury found from the preponderance of the evidence that plaintiff had no reasonable expectation of receiving any pecuniary benefit from the decedent had he lived, the jury should find for defendant was erroneous as placing the burden of proof upon defendant to show that decedent would not have contributed anything to plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.\*]

5. DEPOSITIONS (§ 77\*)—GROUNDS FOR SUPPRESSING—ABSENCE OF SEAL.

The absence of the seal on the envelope in which depositions were returned is not a ground for suppressing the depositions; the seal being imprinted where the officer certified to the deposition proper.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 197–199; Dec. Dig. § 77.\*]

6. MASTER AND SERVANT (§ 274\*)—EVIDENCE —CONTRIBUTORY NEGLIGENCE—OTHER ACTS OF NEGLIGENCE.

In an action for a railroad engineer's death claimed to have been caused by bad track and a defective engine, evidence that the day before the wreck decedent was running his engine at a high rate of speed some 12 or 14 miles from the place of the accident was not admissible; other acts of negligence not as a rule being admissible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 939–949; Dec. Dig. § 274.\*]

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by Jesse F. Jenkins against the St. Louis, Brownsville & Mexico Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Claude Pollard, of Kingsville, and H. R. Sutherland and Robt. W. Stayton, both of Corpus Christi, for appellant. Jno. C. Scott and W. L. Dawson, both of Corpus Christi, for appellee.

CARL, J. The appellee, Jesse F. Jenkins, brought this suit against the St. Louis, Brownsville & Mexico Railway Company, appellant, to recover damages for the death of his son, Harvey E. Jenkins, while operating an engine on appellant's road, handling a work train. The death of Harvey E. Jenkins occurred September 22, 1906, and plaintiff below was 55 years of age.

Various acts of negligence on the part of appellant are set forth in the first amended original petition, among which it was charged that the switch engine on which Harvey Jenkins was killed had no pony trucks, or small wheels, in front, and that the track was uneven and not ballasted, and that the rails had sunken joints at or near the place of the accident, and by reason of the fact that there were no such pony trucks, and because the track was uneven and had sunken joints in the rails, the engine was thrown from the track and Harvey Jenkins killed. Appellant answered by general demurrer, special exceptions, and general denial, and further pleaded assumed risk and contributory negligence on part of deceased in that he knew the condition of the track and the character of engine. It was further alleged that he was running the engine at an excessive rate of speed in violation of rules of safety. The case was tried by a jury and resulted in a verdict in favor of plaintiff for $7,551, and, from the judgment thereon rendered, this appeal is taken.

There are 157 assignments of error laid at the feet of the district judge; but only 22 of the assignments are briefed, and of these only 12 are strongly urged.

The first and thirteenth assignments complain that the verdict is excessive; but in view of another trial they will not be considered.

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

In the second, third, fourth, fourteenth, fifteenth, and sixteenth assignments the charge of the court on the measure of damages is assailed, and these will all be here treated together.

[1] On the measure of damages, the court charged the jury as follows: "If under these instructions you should find the defendant liable, you will find in favor of plaintiff against defendant, as damages, such a sum as would be equal to the pecuniary benefit, if any, that plaintiff had a reasonable expectation of receiving from his deceased son had he lived; and by 'pecuniary benefit' is meant, not only money, but everything that can be valued in money, provided plaintiff cannot recover for sorrow caused by the death of his son or for the loss of his society."

The Supreme Court held, in Ft. Worth & D. C. Ry. Co. v. Morrison, 93 Tex. 527, 56 S. W. 745, that a charge like this was incorrect; Judge Williams using the following language: "The charge given required the jury only to find the amount of the pecuniary aid which the plaintiffs would have received from their son if he had not been killed, and assumed that such amount was fixed by law as the measure of damages. This took from the jury the right to consider the question whether or not a less sum paid now would compensate the plaintiffs for their loss of the aid which their son would have rendered, as he would probably have rendered it, during the whole of their lives. The right of plaintiffs was to recover compensation for the loss sustained, and such loss was of the aid or benefits which their son would have bestowed upon them. They are therefore to be compensated for the value of these, but are not to receive them as they would have received them from him from time to time throughout their lives, but by a lump sum paid now. Whether or not a less sum than that to which the son's whole contributions would have amounted would compensate plaintiffs for the loss of such contributions as he would have made them was a question which should not have been taken from the jury by a charge which assumed that the compensation must necessarily consist of a sum equal in amount to that of such contributions. The jury should have been left free to determine, under all the circumstances, the sum which would compensate plaintiffs for the loss of the benefits having a pecuniary value which the son would have rendered to his parents. The charge given, without the submission of a further inquiry, was therefore insufficient and erroneous. The special instruction, though not so fully expressed as it might have been, sought to have the jury pass upon the question of compensation, which was the true one, and, with the general charge standing as it did, should have been given."

Again the same kind of charge came before the Supreme Court in San Antonio Traction Company v. Bettie White, 94 Tex. 469, 61 S. W. 707. The trial court there instructed the jury that "plaintiff is entitled to recover whatever pecuniary aid she had a reasonable expectation of so receiving, if any," just as in this case. Judge Williams, again speaking for the Supreme Court, says: "The true measure of damages is compensation for the loss sustained by plaintiff from the death of her son, and what sum, allowed now, will give such compensation is a question for the jury under all the circumstances of the case. The plaintiff lost the contributions which her son would have made to her, but it does not necessarily follow that nothing short of an amount equal to the sum of such contributions, if paid now, would be compensation. We had occasion to pass upon this question in the case of Railway v. Morrison, 93 Tex. 527 [56 S. W. 745], and a charge in substance the same as that under consideration was held to be erroneous. In that case a special instruction was requested to submit a correct rule, but the charge of the court was held to be erroneous. As the error in this case was a positive one, it is assignable without the request of a special charge."

While charges like the one given in this case were approved by this court before Ft. Worth & D. C. Ry. v. Morrison, supra, since that decision the rule there laid down has been followed. This was done in I. L. & P. Co. v. Maxwell, 27 Tex. Civ. App. 294, 65 S. W. 78, S. A. & A. P. Ry. Co. v. Waller, 27 Tex. Civ. App. 44, 65 S. W. 211, and G., H. & S. A. Ry. Co. v. Solcher, 110 S. W. 545; and the case cited by appellee as sustaining such a charge (Railway Co. v. Salisbury, 143 S. W. 252) does not do so. In that case the court charged the jury: "If you find for plaintiffs and allow them damages, you should award them such an amount as you believe, from the evidence, will compensate them for the pecuniary loss, if any, which you believe, from the evidence, they have sustained by reason of the death of Joseph F. Salisbury"—and Judge James expressly states that said charge is in accord with the rule adhered to in Railway v. Davis, 27 Tex. Civ. App. 279, 65 S. W. 217, and Railway v. Heard, 91 S. W. 371. This rule is that established in Railway v. Morrison, 93 Tex. 527, 56 S. W. 745, and Traction Company v. White, 94 Tex. 468, 61 S. W. 706. The case of C., R. I. & G. v. Groner, 51 Tex. Civ. App. 65, 111 S. W. 667, does not apply, because a special charge was there given which removed the objection, if any, to the general charge, and the Supreme Court doubtless refused a writ on that ground. The Morrison Case enunciates the law on a charge of this kind. The jury should pass upon what amount will compensate the plaintiff for the loss sustained, and the charge as given does not leave them free to do so. The assignment is sustained.

In the fifth, sixth, seventeenth, and eighteenth assignments of error, paragraphs 4 and 6 of the court's charge are attacked. Those paragraphs of the charge are:

(4) "Now, if you find from a preponderance of the evidence in this case that defendant's railroad track and roadbed, at the place where Harvey E. Jenkins was killed, was not in a reasonably safe condition for the operation of such a locomotive as the one he was using at the time of his death, and by the use of ordinary care defendant could have had its track and roadbed in a condition that was reasonably safe for such a locomotive as this one, and such unsafe condition of the track for such an engine as this was the proximate cause of the derailment of the locomotive and death of the engineer, the defendant company is liable."

(6) "And you are also instructed that if you find from a preponderance of the evidence defendant company did not exercise ordinary care as to the kind of engine with which it supplied said Harvey E. Jenkins, and, on account of the manner in which the locomotive was constructed, it was dangerous to run it along the place where it was derailed, though the track was in a reasonably safe condition at that place, and, if you further find from a preponderance of the evidence that the engineer who was killed, in the exercise of ordinary care, did not know that it was dangerous to run such an engine along the track at said place, and at the time of the wreck he was using ordinary care in the handling of the locomotive, but, on account of the manner in which it was constructed, the locomotive became derailed and thereby caused the death of the engineer, the defendant company is liable."

The point is raised that the charge as given would authorize a recovery against appellant whether the evidence showed that deceased would have contributed anything to appellee.

[2] There is no right of recovery in a case like this except as given by statute. R. S. arts. 4698–4704. Mr. Justice Fly, in Texas & N. O. Ry. Co. v. Brown, 14 Tex. Civ. App. 700, 39 S. W. 142, said: "The action for damages arising from a death caused by the negligence of another is statutory, the object and aim of which is to compensate those authorized to bring the suit for a pecuniary loss sustained by them; and it follows that, to entitle them to recover, it must be shown that a pecuniary loss was sustained. It is not a question as to the right of an adult to bring the suit, as insisted by appellees, for he undoubtedly has the right; but, when he institutes the suit, he, like the minor, must show that he has been pecuniarily damaged in order to recover."

It is insisted that the eleventh paragraph of the charge does not cure the omission, and that it places the burden of proof on defendant. It runs like this: "But if you should find from the preponderance of the evidence that defendant used ordinary care to have its roadbed and track in a condition that was reasonably safe for the passage of such locomotive as that by which Harvey Jenkins was killed, when running at a reasonable speed for such a locomotive as this one was, or if you should find that at the time of the wreck the engineer was running the engine at an unusually high and dangerous speed for such a type of engine as this, and the engine was derailed by such high speed, or if you should find that plaintiff has no reasonable expectation of receiving any pecuniary benefit from the deceased, had he lived, in any such case you shall return a verdict in behalf of the defendant. * * *"

[3] An omission in one part of a charge may be cured by a proper charge elsewhere therein; and the charge must be construed as a whole. But the charge, taken as a whole, must correctly present the law of the case.

[4] We think it was error for the charge to place the burden, of showing that deceased would not have contributed to plaintiff, on the defendant. If that were true, then, without offering any proof that his son would have contributed to his support, the plaintiff would have been entitled to nominal damages. This should be made plain in the charge on another trial. G., C. & S. F. Ry. Co. v. Williams et al., 39 S. W. 967; Mo. Pacific Railway Company v. Henry, 75 Tex. 224, 12 S. W. 828.

"Where an accident happens upon a railway from which a passenger sustains an injury by the breaking down of the carriage, or by the running off of the train, or by the spreading or breaking of the rails, the very nature of the occurrence will be prima facie evidence of negligence in the company or its servants." Hutch. Carr. § 800; Mex. Cent. Ry. Co. v. Lauricella, 87 Tex. 279, 28 S. W. 277, 47 Am. St. Rep. 103.

As to the acts of negligence on part of appellant, the charge would not be objectionable as placing the burden of proof on the company, but it is erroneous in telling the jury that defendant must show, by a preponderance of the evidence, that the son would not have contributed to the father's support. That is affirmative proof, which plaintiff must offer. What we have said will dispose of the fifth, sixth, seventeenth, and eighteenth assignments of error.

There is no merit in the seventh and nineteenth assignments of error, which are on the same question, and they are overruled.

[5] The eighth, ninth, tenth, and twentieth assignments complain of the action of the trial court in refusing to suppress various depositions, "because the notary public before whom this deposition was taken did not make the proper certificate upon the outside of the envelope in which the deposition was returned, as required by law, inasmuch as

he fails to certify, under the seal of his office, that he was the officer before whom the depositions were taken, and that he, in person, deposited them in the mail for transmission; said notary public having totally failed and neglected to place the imprint of his seal of office upon the envelope." The qualification of the bills by the trial court shows that the omission of the seal from the outside of the envelope was the sole ground of complaint. We are referred to the case of Hartford Fire Ins. Company v. Becton, 124 S. W. 474, where Chief Justice James considered this question. It was there said that it was unnecessary to decide the question. But that same case went to the Supreme Court on an application for a writ of error, and Justice Williams took up and treated the point at some length. 103 Tex. 237, 125 S. W. 883. The Supreme Court was confronted with the decision in Wisegarver v. Yinger, 122 S. W. 925, wherein Chief Justice Fisher had held that the imprint of the seal on the envelope was essential; and, after a careful analysis of the statutory requirements, it is said by Judge Williams: "We therefore hold that the absence of the seal on the envelope is not a reason for suppressing a deposition where the signature to the certificate is elsewhere on the same deposition authenticated by seal." This may be found where the officer certifies to the deposition proper. These assignments are overruled.

We have examined the eleventh and twenty-first assignments, which are without merit and are overruled.

[6] By the twelfth and twenty-second assignments appellant complains of the action of the trial court in refusing to permit it to show by the witness Bryden that the day before the wreck the deceased was running his engine at a high rate of speed. The court qualifies the bill by saying that the place at which it was proposed to show that deceased was going at a high rate of speed the day before the wreck was 12 or 14 miles away from the place of the accident. It has often been held that other acts of negligence (Railway Co. v. Ives, 31 Tex. Civ. App. 272, 71 S. W. 772), or other acts of drunkenness (Browne v. Bachman, 31 Tex. Civ. App. 430, 72 S. W. 622), cannot be shown (Railway Co. v. Johnson, 92 Tex. 380, 48 S. W. 568; Railway Co. v. Parrott, 43 Tex. Civ. App. 325, 94 S. W. 1135, 96 S. W. 950; Railway Co. v. Gillespie, 48 Tex. Civ. App. 56, 106 S. W. 707; Railway Co. v. Kennedy, 51 Tex. Civ. App. 466, 112 S. W. 339). Even if such testimony had been admitted, it would not probably have changed the result. But we do not think the court erred, and these assignments are overruled.

But, in view of what we have heretofore said, the judgment is reversed, and the cause remanded.