## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. T. T. ADAMS.

### No. 931. Decided October 22, 1900.

**1. Immaterial Error—Charge.**

A charge improperly restricting a defense to plaintiff's action will not be ground for reversal where there is no evidence making such defense an issue. (P. 106.)

**2. Same.**

If it was error to hold a railway liable to an employe when injured by negligence of itself or its servants co-operating with that of a third person called in by the plaintiff to assist him in his work, a charge so holding was not ground for reversal where there was no evidence that negligence of such third person contributed to the injury. (P. 106.)

**3. Master and Servant—Disobeying Master's Orders—Question for Jury.**

It is not negligence in law for the servant to disobey the master's regulations. It is a question for the jury, whether, under the circumstances, if they present any phase of facts which might excuse disobedience, a reasonably prudent man would have done as the servant did. (Pp. 106, 107.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Harris County.

Adams brought suit against the railway company and recovered a judgment, from which defendant appealed and on its affirmance secured writ of error.

*Baker, Botts, Baker & Lovett* and *A. L. Jackson,* for plaintiff in error.—It was error to announce the duty of a master with reference to furnishing reasonably safe machinery, and to authorize recovery on the ground of failure to so furnish it, when there is no evidence indicating that such duty had been violated, or that its violation has caused the alleged injury. Railway v. Platzer, 73 Texas, 123; Railway v. Wisenor, 66 Texas, 675; Railway v. Gilmore, 62 Texas, 391; Railway v. Faber, 63 Texas, 344; Choate v. Railway, 44 S. W. Rep., 69; Joske v. Irvine, 44 S. W. Rep., 1063.

In submitting the issue in general terms whether the draft and supporting timbers were "too weak to perform the service for which the caboose was made and intended to be used," the charge authorized a recovery not merely for defects produced by decay, but as well for the weakness or insufficiency of the platform incident to the standard and uniform method of construction, of which plaintiff as a servant had assumed the risk. Green v. Cross, 79 Texas, 131; Railway v. Somers, 71 Texas, 701; Railway v. Conrad, 62 Texas, 628; Railway v. McCarthy, 64 Texas, 635; Railway v. Bradford, 66 Texas, 733; Railway v. Drew, 59 Texas, 10; Rogers v. Railway, 76 Texas, 505; Railway v. Fowler, 56 Texas, 460; Railway v. Myers, 55 Texas, 115; Lovejoy v. Railway, 125 Mass., 79.

When it comes within the scope of a servant's duties to know of defects incident to the machinery used by him, or when he might by

the exercise of ordinary care have known of the existence of defects in such machinery, the law holds him to have assumed the risk of the injury from said defects, and it is error to qualify this rule by the expression to the effect "that the servant must have known of the defects in time to have refused to use such platform and caboose before the accident," such statement being on the weight of the evidence and an improper qualification. Railway v. McNamara, 59 Texas, 258; Shearm. & Redf. on Neg., sec. 216.

The undisputed evidence showing that those who suddenly stopped the front train had no knowledge of the fact that the train of the San Antonio & Aransas Pass Railway Company was coupled on and pushing at the rear, they could not reasonably have foreseen the wreck and injury as likely to ensue from the sudden stopping, and their conduct in this regard was not actionable negligence; hence it was error to submit this theory as a basis of recovery. Railway v. Platzer, 73 Texas, 123; Railway v. Bigham, 38 S. W. Rep., 163; Railway v. Reed, 88 Texas, 448; Seale v. Railway, 65 Texas, 274.

There being no evidence that it was practicable for the engineer (much less the fireman) to give a signal indicating the purpose to apply the air so as to warn those at the rear of the train, and there being no evidence that either of them knew of any dangerous condition at the rear of the train, it was error to submit the question of negligence either on the part of the engineer or the fireman in stopping the train without warning, and the finding of the Court of Civil Appeals that the engineer could have signaled that he intended to put on full power of the air brake, if he had seen proper to do so, is directly in conflict with the undisputed proof on this subject. Railway v. Platzer, 73 Texas, 123; Railway v. Wisenor, 66 Texas, 675; Railway v. Gilmore, 62 Texas, 391; Railway v. Faber, 63 Texas, 344; Choate v. Railway, 44 S. W. Rep., 69.

If the conductor had such charge of the train that he had the control and superintendence over the engineer and fireman, then the conductor was a vice-principal as to such servants, under Revised Statutes, 1895, article 4560f, and can not recover from the master for the negligence of such servants. Moore v. Jones, 39 S. W. Rep., 594; Rev. Stats., art. 4560; Laws 25th Leg., 1st Spec. Sess., p. 14.

The employes of the San Antonio & Aransas Pass Railway Company, in acting under the immediate direction and according to the instructions of Adams himself, were virtually his agents, and if there was any negligence on their part while so acting, then plaintiff himself was responsible for such negligence. Johnson v. Railway, 21 S. W. Rep., 275; Railway v. Kutac, 72 Texas, 653; 1 Shearm. & Redf. on Neg., p. 87, note 5.

The fact that plaintiff's conduct in the particulars mentioned was beyond the scope of his authority, or was in disobedience of the usage of the company, would be sufficient to preclude recovery, and it was error to require the additional finding that such unauthorized or disobedient conduct was negligence on his part, in order to defeat his

action.   Unauthorized conduct:   Railway v. Scott, 68 Texas, 697;
Felch v. Allen, 98 Mass., 574; Gardner v. Railway, 58 Mich., 592.
Violation of rules and usages:   Railway v. Ryan, 69 Texas, 665;
Pilkinton v. Railway, 70 Texas, 226; Railway v. Wallace, 76 Texas,
637; Railway v. Moore, 27 S. W. Rep., 964; Watson v. Railway, 58
Texas, 438; Railway v. Watts, 63 Texas, 552; Railway v. Callbreath,
66 Texas, 528; Railway v. Whitcomb, 31 Am. and Eng. Ry. Cases, 149;
Gordy v. Railway, 75 Md., 297, 23 Atl. Rep., 607; Wolsey v. Railway,
33 Ohio St., 235.

The evidence shows, without dispute, the existence of a rule or
regulation requiring those in charge of freight trains to look out for
switch engines inside of yard limit posts, and that Adams' train on this
occasion was within the yard limits, and therefore it was error to sub-
mit as an issue to the jury the question, whether plaintiff owed such
duty under the rules.   The rule spoke for itself and prescribed the
duty, and it was not competent for the court or jury to set it aside or
exempt the plaintiff from its application.   Railway v. McCoy, 38 S. W.
Rep., 36; Railway v. Moore, 27 S. W. Rep., 965; Railway v. Hoard,
49 S. W. Rep., 142; Railway v. Rowland, 38 S. W. Rep., 756.

When a servant violates a rule or regulation, established and pro-
mulgated by the master for the guidance and protection of the servant,
such disobedience on the part of the servant is either negligence per
se or such violation of the contract of service as to preclude recovery
by the servant for the proximate results of his conduct.   Railway v.
Ryan, 69 Texas, 669; Pilkinton v. Railway, 70 Texas, 226; Railway
v. Wallace, 76 Texas, 637; Railway v. Moore, 27 S. W. Rep., 964; Rail-
way v. Gormley, 43 S. W. Rep., 879; Railway v. Whitcomb, 31 Am.
and Eng. Ry. Cases, 149; Gordy v. Railway, 75 Md., 297, 23 Atl. Rep.,
607; Wolsey v. Railway, 33 Ohio St., 235.

Therefore it was error for the trial court to submit as an issue of
fact to the jury, whether the violation of the rule by the servant was
negligence.  If it was a fact, undisputed under the evidence or as found
by the jury under this charge, that "it was the duty of the plaintiff
under the rules and regulations of the defendant to look out for switch
engines inside of yard limit posts, and that there was a failure on
plaintiff's part to observe such rule, and but for such failure the in-
juries would not have occurred," then we insist that Adams was pre-
cluded from recovery, and that it was improper and prejudicial to the
defendant for the trial judge to submit the further issue, "whether such
failure, if any, on his part, was a lack of such care as a man of ordinary
care would have used under the same circumstances."

The general rule is, that the servant assumes not only the ordinary
risks of employment, but also those superadded by the negligent omis-
sion of the master to perform a duty to the servant, which are known
to the servant.   Railway v. Turner, 23 S. W. Rep., 146.   Suppose the
superadded danger results from the servant's own voluntary act, is it
not as much a risk assumed by him as if brought about by the master's
negligence known to the servant?   5 Rap. & M. Dig., 169.

It was an undisputed fact in this case that Adams, on the occasion of his injury, was ignoring the usage or method, if such existed, in regard to switch engines aiding trains into the yard, and therefore it was error for the judge by his charge to submit as an issue of fact to the jury the question whether plaintiff did ignore such usage and method, thus depriving the plaintiff in error of the benefit accruing to it on the trial by virtue of an undisputed fact. Railway v. McCoy, 38 S. W. Rep., 36; Railway v. Moore, 27 S. W. Rep., 965.

· A servant is presumed to understand the fixed usages and methods of the service, and when he ignores the same he is guilty either of negligence per se, or of such violation of contract duty as to preclude recovery for the proximate consequences of his conduct. Railway v. Watson, 58 Texas, 438; Railway v. Watts, 63 Texas, 552; Railway v. Callbreath, 66 Texas, 528; Railway v. Ryan, 69 Texas, 665; Pilkinton v. Railway, 70 Texas, 226; Railway v. Wallace, 76 Texas, 637; Railway v. Moore, 27 S. W. Rep., 964; Railway v. Whitcomb, 31 Am. and Eng. Ry. Cases, 149.

If Adams had been injured by the ordinary operation of the business, according to the fixed usages and methods thereof, his injury would have been the result of a risk assumed by him. A fortiori must he be held to assume the risk of injury from the extraordinary danger super-induced by his own conduct in disobedience of the fixed usages and methods constituting elements in his contract of service. Railway v. Turner, 23 S. W. Rep., 146; Railway v. Whitcomb, 31 Am. and Eng. Ry. Cases, 149; 5 Rap. & M. Dig., 169.

We insist that under the undisputed evidence, and virtually by the plaintiff's own admissions, neither the engineer nor the fireman had any knowledge of the fact that the San Antonio & Aransas Pass locomotive was coupled into the rear of Adams' train, and hence the sudden stopping of the front engine could not be deemed actionable negligence. Railway v. Bigham, 38 S. W. Rep., 163; Railway v. Reed, 88 Texas, 448; Seale v. Railway, 65 Texas, 274; McDonald v. Railway, 86 Texas, 1.

The undisputed evidence did show that it was not practicable, but was contrary to the rules of the defendant company for the engineer to give a signal before applying the air brakes, hence the allegation of negligence on the part of the engineer in failing to give such signal and warning should have been eliminated. McDonald v. Railway, 86 Texas, 1.

The Court of Civil Appeals erred in refusing to sustain the assignment of error complaining of remarks made by counsel for defendant in error on the trial below, in the course of which he suggested an exorbitant sum to the jury as the proper measure and amount of damages to be allowed the plaintiff: "In estimating the damages which plaintiff has sustained by reason of the mental and physical pain and anguish resulting from this injury, I ask you to consider all the surrounding circumstances, to consider the fact that this broken draw-bar, this piece of iron, or whatever it was, crushed through his leg. Is

there a man on that jury who would be willing to lose his leg and suffer this physical and mental anguish for $25,000?" Telegraph Co. v. Clark, 25 S. W. Rep., 990; Railway v. Kutac, 72 Texas, 653.

The Court of Civil Appeals erred in refusing to sustain the assignment of error complaining that the verdict of the jury is contrary to the law and evidence, and that the amount of the verdict was grossly excessive and beyond the measure and amount of damages fixed by law and indicated by the charge of the court, and that such excessive verdict was influenced by the improper remarks of counsel and the erroneous action and ruling of the trial court in this connection.

*A. C. Allen, Edgar Watkins,* and *Frank C. Jones,* for defendant in error.—If Adams was injured by the negligence of the Galveston, Harrisburg & San Antonio Railway Company, it was no defense for said road if the negligence of the San Antonio & Aransas Pass Railway Company contributed to such injury. The act of Adams in utilizing the San Antonio & Aransas Pass Railway train was usual and proper, and not under the circumstances negligence. Railway v. Mc-Whirter, 77 Texas, 356; 14 S. W. Rep., 26; Railway v. McClain, 80 Texas, 95; Markham v. Navigation Co., 73 Texas, 247; Railway v. Godair, 3 Texas Civ. App., 514; Railway v. Bell, 5 Texas Civ. App., 28; Railway v. Croskell, 6 Texas Civ. App., 160; Railway v. Jones, 75 Texas, 151.

The jury under proper instructions having found that Adams was not guilty of contributory negligence in having the train of the San Antonio & Aransas Pass Railway Company coupled to his train, the concurring negligence, if any, of the San Antonio & Aransas Pass Railway Company would not relieve plaintiff in error from the consequences of its own negligence. Same authorities.

It being a fact found by the jury and the Court of Civil Appeals that defendant in error was injured by the negligent application of air brakes, operated by the servants of plaintiff in error, and by a rotten platform furnished by plaintiff in error, plaintiff in error can not escape the consequences of its own wrongdoing, even if the employes of the San Antonio & Aransas Pass Railway Company were guilty of negligence concurring with that of plaintiff in error, the jury and the Court of Civil Appeals having found that Adams acted properly in having the train of the Aransas Pass Railway attached. Shearm. & Redf. on Neg., 5 ed., sec. 66, p. 98, note 3, and sec. 85; Beach on Contb. Neg., sec. 103, et seq.; Pollock on Torts, pp. 579, 582; Garteiser v. Railway, 2 Texas Civ. App., 230; Railway v. Kutac, 72 Texas, 645; Markham v. Houston D. N. Co., 73 Texas, 247; Railway v. Sweeney, 36 S. W. Rep., 800; Little v. Hackett, 116 U. S., 366; Robinson v. Railway, 66 N. Y., 10; Seaman v. Koehler, 122 N. Y., 646; Railway v. Markens, 88 Ga., 60; The Bernia, 12 Prob. Div., 58; Bunting v. Hogsett, 139 Pa. St., 363; Gray v. Railway, 24 Fed. Rep., 168.

There being no pleading or evidence of any negligence on the part of the employes of the San Antonio & Aransas Pass Railway Company,

it was not error of the court not to submit a question of such negligence to the jury.   Murray v. Railway, 73 Texas, 2.

BROWN, Associate Justice.—On the 25th day of March, 1898, T. T. Adams was in the employ of the Galveston, Harrisburg & San Antonio Railway Company as conductor on one of its freight trains, and received injuries under the circumstances hereafter stated.   The train on which he was employed arrived at Houston, and, having entered the yards, stalled on a grade.   The train was standing upon a curve and persons engaged at either end could not see those engaged at the other end of it.   The foreman of a switch crew employed in the yard by the plaintiff in error attached a switch engine to the front of the engine of that train to aid it in getting over the grade.   It was proved, and, so far as we have been able to see, is undisputed, that it was the custom in that yard for a switch crew to go to the aid of a train under similar circumstances, and, by attaching the switch engine to the locomotive or to the rear of the train, as circumstances required, to assist it into the yards.   It was also proved that it was the custom of conductors upon that railroad under similar circumstances to call upon the engineer of another train, if convenient, to aid the stalled train in passing the grade.   The evidence upon this point can not be said to be undisputed, but it was sufficient to justify a finding of the jury in favor of such authority and custom.   A freight train belonging to the San Antonio & Aransas Pass Railway Company was upon the same track, behind the train on which Adams was conductor, using that track by agreement between the companies.   The latter train could not proceed until Adams' train had passed over the grade.   Adams, not knowing that the switch engine was attached to the front of his train, called upon the engineer of the train behind him to couple to the rear of his caboose and to aid him by pushing his train up the grade.   The coupling was made, the signal given, and both engines seemed to move at the same time, causing the train to move forward for several car lengths, when suddenly the train on which Adams was came to a halt, which caused the engine behind the caboose to run into it and to break the platform of the caboose off.   Adams was, at the time, upon the platform of the caboose trying to draw the pin by which the following engine was coupled to his caboose, and when the platform was broken, his leg was caught between the engine and the caboose and so injured as to make amputation necessary.   The timbers of the platform were decayed, which caused it to break in the collision.

The sudden stopping of the train of which Adams was conductor was caused by the engineer applying the emergency air brake, which was forbidden by the rules of the company, except "to prevent a wreck or derailment or to save life or property."   There is no evidence that a wreck or derailment was impending or that life or property was endangered.

It was claimed by the defendant below and is urged here by assignment that Adams had no authority over the train at the time and place

when he received his injury, but that the same was, by the rules of the company, in charge of the yardmaster; but upon this issue the evidence was conflicting and sufficient to have sustained a verdict either way.

The case was tried before a jury and judgment rendered for the plaintiff, Adams, for $15,000, which was affirmed by the Court of Civil Appeals.

The writ of error was granted in this case upon the assignment based on the following charge: "You are charged in this connection, however, that if you find that there was negligence on the part of those operating the San Antonio & Aransas Pass Railway Company's train, but that the injury, if any, was the joint result of such negligence on the part of those operating the San Antonio & Aransas Pass train, and of such negligence, if any, of the engineer or fireman of the defendant, as under the fifth paragraph of the charge would authorize a recovery, or was the joint result of negligence on the part of the San Antonio & Aransas Pass Railway Company, or those operating its train, and of such defects of the platform or caboose, if any, as you have been instructed would, under the second paragraph of this charge, authorize a recovery, then, should you so find, you are instructed that in such an event the fact that negligence on the part of the San Antonio & Aransas Pass Railway Company or its employes co-operated in causing the injury, would not be a defense to the defendant." We were of the opinion that the plaintiff should be held responsible for the negligence, if any, of the persons he called to his aid, if such negligence contributed to the injury that he received. We do not intend to intimate an opinion as to what would be the rule in such case, for, upon a careful examination of the facts, we find no evidence of any negligence on the part of the servants of the San Antonio & Aransas Pass Railway Company. There being no negligence by those servants, the charge could not operate to the injury of the defendant.

The plaintiff in error presents, in different forms, the proposition that a servant who, in discharging his duties, disobeys the regulations of his master, is guilty of negligence per se, and, if injured and the act which violates such rules contributes to the injury, no recovery can be had. This rule would give to regulations of the master the force of statutory enactments. We do not understand the law to be consistent with that contention. If a violation of a rule shows conclusively that the servant can not recover under the facts of the case, the question of contributory negligence becomes a question of law to be decided by the court. If, however, under the facts of the particular case, there might be a phase in which the servant would be justified or excused in disregarding the rule of the company, then it becomes a question for the jury to determine whether such act is negligence; that is, whether, under all the circumstances, a reasonably prudent person would have done as the plaintiff in the case did. Dunlap v. Railway, 130 U. S., 649; Railway v. Sweeney, 36 S. W. Rep., 800; Bonner & Eddy v. Bean, 80 Texas, 155. The general rule of law is that contribu-

tory negligence is a question of fact to be found by the jury, and the facts of this case do not take it out of that rule.

We do not think it necessary to discuss the different assignments embraced in the application for the writ of error; we find no error in the judgment, and it will be affirmed.

*Affirmed.*