Missouri, Kansas & Texas Railway Company of Texas v. Basil Parrott.

Decided May 30, 1906.

**1.—Contributory Negligence—Charge.**

Following the ruling of the Supreme Court herein on certificate of dissent (100 Texas, 9), holding the charge given on contributory negligence sufficiently full to justify refusing further requested instructions, to the same effect but more elaborate, the judgment is affirmed.

**2.—Evidence—Negligence—Other Instances.**

On the issue whether a person was negligent on the occasion in question, evidence that he committed similar acts of negligence on other occasions is inadmissible.

**3.—Evidence—Negligence—Disregard of Rules.**

On the issue of plaintiff's contributory negligence in leaving open a switch in violation of a rule of his employer, which rule it was claimed was ineffective because not enforced, evidence that switches were frequently found open by a witness running on the road nine months before the accident was admissible, the question whether the conditions and rules were the same going to its effect rather than its admissibility.

**4.—Charge—Omission.**

A mere omission to charge fully on an issue is not error without a requested charge supplying the omission.

**5.—Violation of Rule—Question of Fact.**

The question whether it was contributory negligence to leave open a switch in violation of a rule of the employer was one of fact under the circumstances, there being evidence tending to show that the rule was not enforced.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed. R. Sinks.

The fifth paragraph of the charge, referred to in the opinion, was as follows:

If you believe that rule 104a was in force at the time of the plaintiff's injury, and intended by the company to be observed by the plaintiff, and that by his failure to have the switch closed in obedience to the

requirement of said rule, he was guilty of negligence, to find for the defendant.

*Page, Miley & Price,* for appellants.—Where the defense was contributory negligence, by reason of violation of defendant's rules, he should have been permitted to cross examine plaintiff as to his previous and continued violation of appellant's rules in the past. Gulf, C. & S. F. v. Rowland, 82 Texas, 166; Cunningham v. Austin & N. W. R. R. Co., 88 Texas, 535; Missouri, K. & T. Ry. Co. v. Johnson, 92 Texas, 383; 1 Shearman & Redfield on Negligence, note 1, pp. 345, 346; Peoria, etc., Ry. Co. v. Puckett, 52 Ill. App., 222.

Evidence that the witness had found the switch open many times, some nine months before the accident, was inadmissible, in the absence of testimony showing that conditions and circumstances at said time were the same as at the time of the accident, and that the same rules were in force. Sills v. Ft. Worth & D. C. Ry. Co., 28 S. W. Rep., 909; Texas & P. Ry. Co. v. Payne, 35 S. W. Rep., 299; Galveston, H. & H. R. R. v. Bohan, 47 S. W. Rep., 1050; Missouri, K. & T. R. R. Co. v. Wilder, 53 S. W. Rep., 490; Louisville & N. R. R. Co. v. Scanlon, 60 S. W. Rep., 643; 1 Shearman & Redfield on Negligence, p. 83, sec. 60 and authorities cited.

The court should have instructed the jury that in order for them to find that the rule was not in force at the time of appellee's injury and intended by the company to be observed by him, they must believe, from a preponderance of the evidence that said rule was habitually and constantly violated, to such an extent that appellant would be chargeable with notice of such violations. Shearman & Redfield on Neg., art. 205, p. 257; Benage v. Lake Shore, etc., Ry. Co., 102 Mich., 72; Francis v. Kansas City Ry. Co., 110 Mo., 387; Richmond & D. Ry. Co. v. Hisson, 97 Ala., 187; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 401.

If rule 104a had been in force and intended by appellant to be obeyed by its engineers, then a violation of the provisions by appellee under the facts of this case, was negligence per se, there being absolutely no phase of the case, justifying or excusing appellee in disregarding said rule. Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 106; Texas & N. O. Ry. v. Fields, 74 S. W. Rep., 930; Knight v. Cooper, 36 W. Va., 232; Louisville & N. Ry. Co. v. Woods, 105 Ala., 561; Cullen v. National S. M. Roofing Co., 114 N. Y., 45; Elliott v. Chicago, M. & St. P. R. R. Co., 150 U. S., 245; Galveston, H. & S. A. Ry. v. Brown, 63 S. W. Rep., 305; Dunlap v. Northeastern R. R. Co., 130 U. S., 649; San Antonio & A. P. v. Connell, 66 S. W. Rep., 247.

In order for appellee to recover it was incumbent upon him to show, by a preponderance of the evidence that rule 104a was so commonly and customary violated by the employees of appellant as to charge appellant with notice of said violations of the rule. Chandler v. Meckling, 22 Texas, 41; Willis v. Lewis, 28 Texas, 185; Galveston, H. & S. A. Ry. v. Bracken, 59 Texas, 75; Houston & T. C. Ry. v. Schmidt, 61 Texas, 282; Grinnan v. Dean, 62 Texas, 218; Dimmitt v. Robbins, 74 Texas, 441; Gulf, W. T. & P. Ry. Co. v. Abbott, 24 S. W. Rep., 299; Missouri P. Ry. Co. v. Somers, 78 Texas, 439; Brown v. Perez, 79 Texas, 157; Light v. Brown, 26 S. W. Rep., 886; Choate v. San Antonio & A. P.

Ry. Co., 90 Texas, 83; Louisville & N. Ry. Co. v. Scanlon, 60 S. W. Rep., 643.

*John W. Parker* and *S. L. Stapler,* for appellee.

EIDSON, Associate Justice.—In the former opinion in this case, the majority of this court held that the court below erred in not giving to the jury appellant's special charge No. 2. To this holding, Associate Justice Key dissented, and the question was certified to the Supreme Court which has answered the same, holding that the court below did not err in refusing to give to the jury said special charge. (Missouri, K. & T. Ry. Co. v. Parrott, 15 Texas Ct. Rep., 648.) In conformity with said holding of the Supreme Court we hold the action of the lower court in the respect above referred to was not error.

All the other questions presented in appellant's brief having been disposed of against its contention by the former opinion of this court, the judgment heretofore entered reversing and remanding the cause will be set aside and the judgment of the court below will be affirmd.

*Affirmed.*

### OPINION ON MOTION FOR REHEARING.

As in the original opinion of this court in this case the appellant's assignments of errors insisted upon in its motion for rehearing of this cause as grounds for reversal of the judgment of the court below were overruled without discussion, and as counsel for appellant in the motion for rehearing request us to discuss and give our reasons for overruling said assignments, we will now proceed to do so.

The testimony, exclusion of which is complained of in the third assignment of error, was inadmissible. It was intended to show by the excluded testimony that appellee had on various other occasions been guilty of violating the rules of appellant, and, in effect, that he had habitually violated such rules and that accidents had resulted therefrom. This character of testimony was held to be inadmissible in the case of Railway v. Johnson, 92 Texas, 382, 383. Chief Justice Gaines, delivering the opinion in that case, uses this language: "We think the rule is well settled that when the question of whether or not a person has been negligent in doing or in failure to do a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence, or even habitually negligent upon a similar occasion"; citing among other cases that of Tenney v. Tuttle, 1 Allen, 185, and quotes as follows from that case: "When the precise act or omission of a defendant is proved, the question whether it is actionable negligence is to be decided by the character of that act or omission and not by the character for care and caution that the defendant may sustain."

The testimony, admission of which is complained of in the fifth and seventh assignments of error of appellant, was properly admitted. The fact that the time to which the testimony related was nine months prior to the date of the accident, would only affect the weight of the testimony and not its competency.

The matter to which the eighth assignment of error relates was practically submitted to the jury by the court in its general charge, in con-

nection with special charge No. 11, requested by appellant and given to the jury by the court; and if appellant desired a fuller or more specific instruction given to the jury on this subject, it was its duty to request same. And the writer also thinks there is force in the view contended for by appellee, that Rule 104a applies to a train of cars, and not to an engine separated from a train on a siding to be cleaned.

We do not think there was any error in the fifth paragraph of the court's charge, complained of in appellant's tenth assignment of error. In our opinion the question as to whether appellee was guilty of negligence in violating Rule 104a, under the circumstances shown in this case, was one of fact for the determination of the jury. (Railway v. Adams, 94 Texas, 106; Railway v. Cornell, 69 S. W., 981, s. c. 6 S. W., 247.)

Appellant's seventeenth, eighteenth, nineteenth, twentieth and twenty-fourth assignments of error complain of the refusal of the court to give certain special charges requested by it to the jury. Each of these special charges makes the violation of the rule of appellant negligence *per se*, and for that reason was properly refused; and, besides, we think the court properly charged the jury as to the effect of the rule upon appellee's conduct in its main charge and the special charge given at the request of appellant.

The other assignments of error relied upon in appellant's motion for rehearing relate to the sufficiency of the evidence to support the verdict and judgment. While the testimony of appellee is, in some particulars, inconsistent and contradictory he testified to facts, if believed by the jury, sufficient to justify their verdict; and the fact that they found such verdict shows that they believed his testimony as to such facts. In our opinion the verdict and judgment are supported by the evidence.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.