St. Louis Southwestern Railway Company of Texas v. Wilford Shipp.

Decided January 18, 1908.

**1.—Master and Servant—Violation of Rule by Servant—Contributory Negligence—Question of Fact.**

The conscious violation by a servant of a rule of the master in the discharge of his duties is not contributory negligence as matter of law. This depends upon circumstances.    In a suit by a servant against his master for personal injuries, a requested charge considered, and held properly refused because it assumed as matter of law that such violation amounted to contributory negligence.

**2.—Special Charge—Amendment—Practice.**

The giving of a special charge as one requested by a party to the suit after the same has been amended or modified by the court, cannot be material, if the charge as amended is otherwise unobjectionable.

Appeal from the District Court of Tarrant County.    Tried below before Hon. Mike E. Smith.

*E. B. Perkins, Daniel Upthegrove* and *Spoonts, Thompson & Barwise,* for appellant.

*R. L. Carlock,* for appellee.

CONNER, Chief Justice.—This appeal is from a judgment in the sum of seven thousand five hundred dollars in appellee's favor for damages for personal injuries received under circumstances substantially alleged and proved as follows:    Appellee on about the 19th day of March, 1906, was employed as a brakeman on one of appellant's trains; in the performance of his duties while at Plano, Texas, under the direction of the conductor of the train, appellee was assisting to place a box car on a side track; in obedience to signals from appellee to the engine crew the car was backed upon the side track and on to within about a car's length of other standing cars when the moving car was stopped and appellee went forward to adjust the coupling on the stationary car; while so engaged another one of appellant's brakemen without appellee's knowledge neg-

ligently signaled the engineer or fireman to back the car to which the engine was attached, which was done and appellee was caught between the bumpers of the cars and seriously injured as alleged.

Appellant requested special charge No. 1 to the effect that if the jury found that appellant "had rules or regulations in force prohibiting the employes from going in between the cars for the purpose of making a coupling, and that plaintiff knew of such rule and failed to observe same, and that his failure to obey such rule proximately contributed to his injury," the jury should find for defendant, unless they further found that the rule had been abrogated, etc., as had been alleged by the appellee. The court gave the charge requested save that it was amended by the insertion of the words "and you find that his act in going in between the cars was negligence on his part, and that such negligence, if any, proximately contributed to his injury," immediately following the words in the special charge above quoted "that the plaintiff knew of such rule." The special charge requested was incorrect in assuming as a matter of law that a conscious violation of the rule on appellee's part amounted to contributory negligence. Whether it did so or not was dependent upon the circumstances. While appellant's servant, whose signal brought the moving car upon appellee, testified that before he made such signal he warned appellee of the approaching car and that appellee thereupon went out from between the cars and again returned, contrary to a rule of the company, appellee testified that he had caused the moving car to come to a full stop and that without warning of any kind and without knowledge on his part, it had been moved upon and crushed him; and it was for the jury to say under all the circumstances whether, if the rule had not been abrogated, as there was testimony tending to show, appellee was guilty of negligence in violating it. Galveston, H. & S. A. Ry. v. Adams, 94 Texas, 106; Gulf, C. & S. F. Ry. v. Cornell, 29 Texas Civ. App., 596; Missouri, K. & T. Ry. v. Bodie, 32 Texas Civ. App., 168. The mere fact that the charge as amended was given as one requested by appellant can not be material, if otherwise unobjectionable, and if there is any other error appellant fails to point it out either in its proposition or in the argument thereunder.

The court's omission in the general charge to submit the question of appellee's negligence in violating the rules of the appellant company prohibiting employes from going in between cars for the purpose of coupling or uncoupling them, called for an appropriate requested instruction on this point. The one requested was given in an amended form, and it not being reversibly erroneous in the particulars urged against it, we fail to find merit in the second assignment complaining of the omission indicated.

We think the other special charges requested were properly refused, and find nothing in the argument of appellee's counsel in his closing speech requiring a reversal. Nor do we, as is insisted in the sixth, seventh and eighth assignments, agree with the contention that the verdict of the jury is excessive or unsustained by the testimony. We will not undertake to set out the facts other than

we have already stated, but add that we have considered the evidence as a whole and conclude that appellant was guilty of negligence as alleged proximately contributing to appellee's injuries, and that he himself was without contributory negligence and was seriously, and perhaps permanently, injured to the extent of the verdict. It is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.