## ST. LOUIS, S. F. & T. RY. CO. v. GREEN.
### (No. 3735.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 14, 1929.

Rehearing Denied Nov. 21, 1929.

Freeman, McReynolds & Hay, of Sherman, for appellant.

Randell & Randell, of Sherman, for appellee.

WILLSON, C. J. (after stating the case as above). [1] The contention of appellant that the trial court erred when he submitted to the jury an issue as to contributory negligence on the part of appellee, and when he refused to submit issues it requested with reference to that phase of the case, is on the theory, it seems, that it appeared appellee was guilty of contributory negligence as a matter of law, in that all the evidence was that he was instructed to inspect the car in question before he commenced the work he was to do thereon, and did not do so, and in that all the evidence was that, if he had inspected the car, he would have discovered the post was unfastened at its top, and therefore that it would be dangerous while it was in that condition for him to undertake to work on the car as he did. It is true appellee as a witness in his own behalf testified that he did not inspect the car and that, had he inspected it, he could have discovered the post was unfastened at its top; but the testimony as to whether he was instructed to inspect the car or not was conflicting and would have supported a finding either that he was or was not instructed. Certainly, in that state of the evidence, it did not appear that appellee was guilty of negligence as a matter of law. And the authorities seem to be to the effect that had there been no such conflict in the evidence the court would not have had a right to conclude that appellee was guilty of contributory negligence as a matter of law, and that he should, as he did, have submitted an issue as to that matter to the jury. Ry. Co. v. Adams, 94 Tex. 100, 58 S. W. 831; Ry. Co. v. Still, 45 Tex. Civ. App. 169, 100 S. W. 176; Ry. Co. v. Parrott, 43 Tex. Civ. App. 325, 94 S. W. 1135, 96 S. W. 950; Ry. Co. v. Wray, 43 Tex. Civ. App. 380, 96 S. W. 74; Ry. Co. v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783.

In his charge to the jury the trial court defined "proximate cause" as "the cause which, in a natural and continuous sequence, unbroken by any new cause, produces an event that without which the event would not have happened." At the trial appellant objected to the definition, insisting it was incorrect "in that foreseeableness or anticipation of an injury is a necessary element to proximate cause, and is omitted and is not included." In support of its contention here that the trial court erred in the definition in question, appellant cites Turner v. Stoker (Tex. Civ. App.) 289 S. W. 190, Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302, and Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354, 356. The definition objected to in the Turner-Stoker Case was substantially the same as the one complained of here, and the Court of Civil Appeals of the Eleventh District, in an opinion by Ridgell, J., on the ground urged by the appellant here in the court below, held that "foreseeableness or anticipation of injury is a necessary element to proximate cause," the omission of which in a definition of that term required the reversal of a judgment in a case presenting an issue

as to proximate cause. The holding in the Behne Case, as we understand it, was that, while "foreseeableness or anticipation of injury" was a necessary element to proximate cause, it was sufficiently stated by the use in an instruction defining the term of such words "natural and probable consequence." Whether the use in the instant case in the issue the court framed and submitted to the jury of the language "natural and continuous sequence," etc., also sufficiently stated the doctrine or not we will not determine, for we think it conclusively appeared from the evidence that, if appellant was guilty of negligence in having the post fastened as it was at its bottom and not fastened at all at its top, such negligence was a proximate cause of the post's falling and injuring appellee. In that view the error, if any there was, in the court's definition of the term "proximate cause," should be treated as harmless.

■ Over appellant's objection thereto, on the ground that it was his opinion and conclusion merely, the court permitted appellee, testifying as a witness in his own behalf, to say that after he was injured, he was willing to do any work he was able to do, but never found work of a kind he felt able to do; permitted appellee's wife to testify that while she was waiting on him after he was injured he appeared to be "suffering very much from mental distress"; permitted appellant's witness, its assistant general car foreman, one Thurston, to testify on his cross-examination by appellee that after appellant's inspector Simmons inspected the car its inspector Hall was supposed to inspect it over again—that "it was the rule there to have a double inspection" to ascertain if a car was safe to work on; permitted appellant's witness, its said inspector Hall, to testify it was his duty "to see that all stuff was taken off" the car in question, in reply to a question as follows propounded to him on his cross-examination by appellee: "If you had gone there and inspected it (the car in question) your methods of inspection would be calculated to have found a loose post like that, would it not?" Permitted said witness Hall to further testify on his said cross-examination that after the car was "dismantled and supposed to be left safe" an inspector came and examined it; and permitted appellant's witness Simmons to testify in reply to a question by appellee as to the duty of ap-

pellant's inspector to inspect the car "when (quoting) the workmen dismantled the car as far as they were supposed to do they were supposed to leave it safe." We do not think there is any merit in appellant's contention that it was error to overrule its objection on the ground specified to the testimony, or any of it referred to—certainly not such error as entitles appellant to a reversal of the judgment.

Nor do we think there is merit in appellant's contention that the judgment is for an excessive amount. As the jury had a right to view it, we think the testimony of appellee as a witness in his own behalf and the testimony of the physicians Rea, Robertson, and Russell furnished sufficient support for the finding as to the sum necessary to compensate appellee for the injury he suffered.

■ The contention of appellant remaining undisposed of is that it is entitled to a reversal of the judgment because of improper argument of C. B. Randell, one of appellee's attorneys, with reference to the deposition of appellant's witness Carroll, which was not offered as evidence at the trial. It is shown in a bill of exceptions the trial court refused to allow, but approved as "practically correct in stating what occurred upon the occasion," that appellant did not object to the argument at the time it was made and did not ask the court to instruct the jury to disregard same. It appears from his indorsement on the bill of exceptions that the trial judge refused to allow it, quoting: "For two reasons: First: It is not fair to counsel speaking. Second: It is not fair to the trial judge. It occurs frequently in the trial of cases that counsel will make statements outside of the record, and opposing counsel should not be permitted to remain silent and impose upon the trial judge the duty of detecting such discrepancies. In the vast majority of instances where such errors occur, if called to the attention of the court they can (be) and are corrected, either by the speaker or by the court." We agree with the trial judge that a party ought not be heard to complain of improper argument of counsel when he fails to object to it at the time it is made; and such seems to be the rule recognized by the courts as controlling when the violation of the rule, as here, is not flagrant. Floyd v. Casualty Co. (Tex. Civ. App.) 13 S.W.(2d) 909.

The judgment is affirmed.