## ST. LOUIS, S. F. & T. RY. CO. v. GREEN.
No. 1249—5628.

Commission of Appeals of Texas, Section B.
April 1, 1931.

124

E. T. Miller, of St. Louis, Mo., Goree, Odell & Allen, of Fort Worth, and Freeman, Mc-Reynolds & Hay, of Sherman, for plaintiff in error.

Randell & Randell, of Sherman, for defendant in error.

LEDDY, J.

Defendant in error brought this suit against plaintiff in error alleging that he was employed by it in the shops at Sherman, Tex., as a laborer in building and rebuilding its cars. That while he was performing his work in using a sledge hammer to drive a rivet out of the sill of a car, the jar occasioned thereby caused a steel post, weighing about 125 pounds, which had been left unfastened at the top and insecurely fastened at the bottom, to fall upon him, inflicting serious and permanent injuries.

Upon the trial a jury answered all special issues submitted in defendant in error's favor and judgment was rendered accordingly.

Plaintiff in error seeks a reversal of the judgment because of the trial court's failure to give in charge to the jury special issues Nos. 3 and 4, requested by it, the same being as follows:

"No. 3. Before the time of the injuries complained of by the plaintiff, had he been directed and instructed as a part of the duties of his employment to examine or inspect a car before beginning to work thereon to see that the same was in safe condition to work on?"

"No. 4. Under the defendant's rules and regulations and the usual customary methods of doing the work in which plaintiff was engaged, was it plaintiff's duty to examine the car in question, before beginning work on same, to see if same was in safe condition to work thereon?"

We think the trial court did not err in refusing to give either of these special issues. To have given them, in the form requested, would have resulted in submitting mere evidentiary matters; which it was the duty of the jury to give due consideration in passing upon the issue submitted by the court as to whether defendant in error was guilty of contributory negligence.

We also overrule plaintiff in error's complaint as to improper argument upon the part of defendant in error's counsel in his closing argument to the jury. It appears that defendant in error was examined at the request of plaintiff in error, by its physician, Dr. Carroll, and that subsequently this witness' deposition was taken by plaintiff in error. The deposition was not offered in evidence upon the trial, but it was admitted by plaintiff in error's counsel in open court that the deposition of the witness had been taken and was on file. Under the circumstances defendant in error's counsel was within the bounds of legitimate argument in stating, in effect, that plaintiff in error's failure to offer the deposition in evidence was evidently due to the fact that the testimony given by its physician was unfavorable to it in regard to the nature of the injuries found by him in the examination made at its request.

Even if it be conceded that the argument complained of was erroneous, no exception having been taken at the time it was made and no request having been made for the court to instruct the jury to disregard the same, reversible error would not be presented, as the argument was not of such an inflammatory nature that any injurious effect on the jury could not have been prevented by proper and timely admonition from the trial court. Moore v. Moore, 73 Tex. 382, 11 S. W. 396, 401; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631, 632; Davis v. Kennedy (Tex. Civ. App.) 245 S.W. 259.

█ The Honorable Court of Civil Appeals, 22 S.W.(2d) 550, refused to sustain plaintiff in error's assignment complaining of the trial court's definition of proximate cause, assigning as a reason for its ruling that the issue of proximate cause was not a controverted one under the evidence, therefore if the definition was erroneous the error was harmless.

The trial court defined "proximate cause" as follows:

" 'Proximate cause,' as used in this charge, is the cause which in a natural and continuous sequence, unbroken by any new cause, produces an event that without which the event would not have happened."

The definition given is clearly erroneous under repeated decisions in this state in omitting· foreseeableness or anticipation of the injury, such element being an essential one, where proximate cause is an issuable fact. Texas & P. v. Bigham, 90 Tex. 223, 38 S. W. 162; Turner v. Stoker (Tex. Civ. App.) 280 S. W. 190 (writ of error denied); Dallas Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302; San Antonio & A. P. Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354; Wichita Falls Traction Co. v. McAbee (Tex. Civ. App.) 21 S.W.(2d) 97, 102; Blanch et al. v. Villiva et al. (Tex. Civ. App.) 22 S.W.(2d) 490; St. Louis, S. F. & T. Ry. Co. v. Mullins (Tex. Civ.' App.) 23 S.W.(2d) 489; Texas Pipe Line Co.' v. Watkins (Tex. Civ. App.) 26 S.W.(2d) 1103, 1104; Linn Motor Co. v. Wilson (Tex. Civ. App.) 14 S.W.(2d) 867, 870.

Plaintiff in error, having timely excepted to the charge defining proximate cause, specifically pointing out the omission complained of, was entitled to have a correct definition thereof given by the court in its instruction to the jury. Gulf, C. & S. F. Railway Co. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

█ Plaintiff in error, under the charge as given, has been denied the right to have the jury pass upon the question as to whether the injury suffered by defendant in error was the natural and probable result of the negligence complained of which ought to have been foreseen by the plaintiff in error in the light of attendant circumstances.

Only in the event the state of the record is such we can say that defendant in error's injury, as a matter of law, was shown to be the proximate result of plaintiff in error's negligence, can the holding made by the Court of Civil Appeals be sustained. Dallas Ry. Co.' v. Warlick, supra.

A careful consideration of the record convinces us that the trial court correctly interpreted the evidence as raising the issue of proximate cause, hence it was necessary that a correct definition of such term be given and the Court of Civil Appeals erred in its holding to the contrary.

A few brief excerpts from the testimony will be sufficient to show that proximate cause was an issuable fact upon the trial. On cross-examination defendant in error testified:

"This side post had been fastened at the top as well as at the bottom, but it was not fastened at the top at the time it fell and struck me. It was just fastened with one bolt at the bottom. If I had looked at the top of the post I could have seen that it was not fastened. I did not look at it to see if it was fastened."

Plaintiff in error's witness W. A. Morgan, gave the following testimony:

"I am General ˙Foreman for the ·Frisco Railroad at the shops in Sherman. I have general supervision over the car shops as foreman. As General Foreman I instruct the employees as to the rules and working conditions, and see that the rules are carried out. * * * In dismantling and rebuilding cars there in the shops instructions are given the employees. We have safety meetings out there and instructions are given employees in groups and individually. I recall that Mr. Green had been present in the group meetings where we issued instructions, and the instructions were to see that his car was in safe condition before he goes to work on it. Under the ordinary, customary and usual way of doing the work on the cars in the shops the plaintiff's˙ instructions were to make inspection to see that these posts were fastened to the top by plates, I mean bolts, before he went to work on it."

Its witness J. J. Thurston testified:

"I am familiar with the rules under which the men work there in the shops and the instructions given and the method and manner of engaging in doing the work at the time Mr. Green was injured and prior thereto. I gave him instructions as to what his duties were in the rebuilding of cars. I instructed him that whenever he went to a car to work that his first duty was to look it over and see if it was in ˙a safe condition and everything in shape so that nothing would fall anywhere or anything injure him. The ˙man dismantling the car, everything that was to be left on the car, not taken off was supposed to bolt up and leave it safe for the next man. Before Mr. Green started .to work it was his duty to look and see that everything was in shape to˙ work with and that it would not fall, and bolt it up if there was any post left up there that should be bolted before he started to work."

George Poole, another of its witnesses, testified:

"The man rebuilding the car was not required to go around and inspect everything,

but he was to ascertain that it was in a safe condition to work on."

. In the light of the above testimony, we are of the opinion it was for the jury to determine whether plaintiff in error should have anticipated that the injury in question, or some similar injury, might be reasonably expected to result from its failure to have the upright post securely fastened at the top. If the jury found, in addition to its finding that plaintiff in error was guilty of negligence in the respect complained of, that such negligence was not the proximate cause of defendant in error's injury, we think it could not be fairly said that such finding would not at least have some support in the evidence. If the jury believed plaintiff in error's witnesses, who testified that defendant in error was given specific instruction to see whether the upright posts were fastened before engaging in the work of dismantling a car, such fact might have been used as a basis for a finding that plaintiff in error could not have reasonably anticipated if it left any of the upright posts unfastened injury to defendant in error would probably result, as it might assume such a result would be avoided by a compliance with its instructions upon the part of defendant in error.

. Because of the error indicated, we recommend that the judgments of the trial court and of the Court of Civil Appeals be reversed and the cause remanded for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.